IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

FILED
CLERK'S OFFICE
2004 FEB 17 A 11: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| SOLMETEX, INC.<br>50 Bearfoot Road<br>Northborough, Massachusetts 01532<br><br>Plaintiff,<br><br>v.<br><br>MAXIMUM SEPARATION<br>SYSTEMS, INC.<br>6588 Sooke Road<br>Sooke, British Columbia, Canada<br>V0S 1N0<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>Judge:<br><br>04-40024<br><br>RECEIPT # 404270<br>AMOUNT $ 150.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. ___<br>DATE 2-17-04 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SolmeteX, Inc. ("SolmeteX"), for its Complaint for Declaratory Judgment, alleges against defendant Maximum Separation Systems, Inc. ("Maximum Separation"), as follows:

## THE PARTIES

1. SolmeteX is a Delaware corporation having its principal place of business at 50 Bearfoot Road, Northborough, Massachusetts 01532. SolmeteX is a leader in the development and manufacture of specialized technology for the safe and economic removal of heavy metal contaminants. In particular, SolmeteX is engaged in the manufacture, sale, and

1

distribution of dental amalgam separators for removing dental amalgam and other particles from dental-office liquid effluent.

2. Upon information and belief, defendant Maximum Separation is a Canadian corporation engaged in the manufacture, sale, and distribution of dental amalgam separators for removing dental amalgam and other particles from dental-office liquid effluent.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35, United States Code. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of invalidity and non-infringement of United States Letters Patent No. 6,692,636 ("the '636 patent").

4. This action is based upon an actual and continuing controversy between the parties with respect to the purported validity and infringement of the '636 patent. In particular, Maximum Separation has filed a Complaint in the Federal Court, Trial Division, of Vancouver, British Columbia, alleging infringement by, among others, SolmeteX of Canadian Letters Patent No. 2,335,586. Canadian Letters Patent No. 2,335,586 is directed toward dental amalgam separators for removing dental amalgam and other particles from dental-office liquid effluent. The '636 patent is the United States counterpart of Canadian Letters Patent No. 2,335,586. A copy of the Complaint filed by Maximum Separation against SolmeteX for patent infringement is attached hereto as Exhibit 1.

5. In addition, Maximum Separation has threatened suit for patent infringement by SolmeteX of the '636 patent. In particular, on December 12, 2003, Maximum Separation threatened SolmeteX with an infringement suit based on the claims of United States Patent Application No. 09/908,682, once it issued from the United States Patent and Trademark Office. United States Patent Application No. 09/908,682 matured into the '636 patent. A copy of Maximum Separation's threat against SolmeteX of patent infringement of the '636 patent is attached hereto as Exhibit 2.

6. Venue in this Court is based upon 28 U.S.C. §§ 1391(d). Personal jurisdiction over Maximum Separation is based at least upon Rule 4(k)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND FACTS

7. Upon information and belief, on or about November 3, 2003, Maximum Separation, through its counsel, filed the Complaint attached hereto as Exhibit 2 against SolmeteX alleging SolmeteX committed acts of infringement of Canadian Letters Patent No. 2,335,586.

8. On December 12, 2003, Maximum Separation threatened SolmeteX with infringement of the claims of United States Patent Application No. 09/908,682, once it issued from the United States Patent and Trademark Office. United States Patent Application No. 09/908,682 matured into the '636 patent.

9. Based upon the Complaint filed by Maximum Separation against SolmeteX and the threat of infringement of the '636 patent made by Maximum Separation

against SolmeteX, there is an actual controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the claims of the '636 patent.

10. Neither SolmeteX nor any of its customers or licensees is infringing any valid claim of the '636 patent.

11. Upon information and belief, Maximum Separation is beyond the jurisdictional reach of any state court of general jurisdiction. Upon information and belief and based on the information that is readily available to SolmeteX and its counsel, Maximum Separation is not subject to suit in the courts of general jurisdiction of any state.

12. Upon information and belief, Maximum Separation has engaged in business activities in the United States and has contacts with the United States as a whole sufficient to permit this Court to exercise constitutionally personal jurisdiction over it.

13. Upon information and belief, the '636 patent is invalid and void for failure to comply with the statutory requirements of patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

WHEREFORE, SolmeteX demands:

A. That a declaratory judgment be entered that U.S. Patent No. 6,692,636 is invalid and void.

B. That a declaratory judgment be entered that neither SolmeteX, nor any of its customers or licensees infringes U.S. Patent No. 6,692,636.

C. That the costs of this action be adjudged against Maximum Separation.

4

D. That this case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that SolmeteX be awarded its costs and attorney fees.

E. That SolmeteX be awarded other and further relief as the Court deems just and proper.

Respectfully submitted,

SolmeteX, Inc.

Dated: 17 Feb. 2004

By: _____
Jonathan W. Fitch (168510)
jwf@sally-fitch.com
Kurt S. Kusiak (559254)
ksk@sally-fitch.com
Trial Attorneys for Plaintiff
Sally & Fitch
225 Franklin Street, 30th Floor
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5542
Facsimile: (617) 542-1542

Of Counsel:

J. Robert Chambers (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
Facsimile: (513) 421-7269
Attorneys for Plaintiff

K:\SXM1\Complaint.doc


Court file no.   T-1787-03

Vancouver Registry
BIPL File: MSS01-2609 CA

**FEDERAL COURT -- TRIAL DIVISION**

BETWEEN:

MAXIMUM SEPARATION SYSTEMS INC.

PLAINTIFF

AND:

SOLMETEX, INC.

GAREX INDUSTRIES LTD.

E.G. PLUMBING CO. LTD.

DEFENDANTS

### AMENDED STATEMENT OF CLAIM

(pursuant to *Federal Court Rule 200*)

**TO THE DEFENDANT:**

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or a solicitor acting for you are required to prepare a Statement of Defence in Form 171B prescribed by the *Federal Court Rules, 1998*, serve it on the plaintiff's solicitor or, where the plaintiff does not have a solicitor, serve it on the plaintiff, and file it, with proof of service, at a local office of this Court, WITHIN 30 DAYS after this Statement of Claim is served on you, if you are served within Canada. If you are served in the United States of America, the period for serving and filing your Statement of Defence is forty days. If you are served outside Canada and the United States of America, the period for serving and filing your

Statement of Defence is sixty days. Copies of the *Federal Court Rules, 1998,* information concerning the local offices of the Court and other necessary information may be obtained on request to the Administrator of this Court at Ottawa (telephone 613-992-4238) or at any local office.

IF YOU FAIL TO DEFEND THIS PROCEEDING, judgment may be given against you in your absence and without further notice to you.

          29ᵗʰ october 2003 *KS*                                    Original signed by
Date: ~~3 November 2003~~                    Issued by: _____
                                                                                       *(Registry Officer)*

*Address of local office:*
P.O. Box 10065
701 West Georgia Street
Vancouver, British Columbia V7Y 1B6

TO:
Mr. Kenneth E. Sharpe
Ogilvy Renault
Suite 1600, 45 O'Connor Street
Ottawa, Ontario K1P 1A4
Tel. No.: (613) 780-8618
Fax No.: (613) 234-5459

Solicitors for the Defendant SolmeteX, Inc.

AND TO:
SolmeteX, Inc.
Suite 2 - 50 Bearfoot Road
Northborough, Massachusetts
USA 01532

AND TO:
Garex Industries Ltd.
102 Helen Avenue
Markham, Ontario  L3R 1J5

AND TO:
E.G. Plumbing Co. Ltd.
102 Helen Avenue
Markham, Ontario  L3R 1J5

AND TO:
This Honourable Court

## CLAIM

1.  The Plaintiff claims as follows:

    a)  a declaration that the claims of Canadian Letters Patent No.2,335,586 ("the Patent") are valid, that the Plaintiff is the owner thereof and that claims 1, 9, 13, 16, 17, 94, 96, 97, 98, 101, 102, 105, 106, 108, 109, 110, 111, 112 and 113 of the Patent have been infringed, contrary to the *Patent Act*, by the Defendant;

    b)  a permanent injunction restraining the Defendants, by their directors, officers, employees, agents and all those in privity with, or under the control of, the Defendants, from:

        (i)   manufacturing, using, selling or offering for sale in Canada, apparatus for removing particles from effluent liquid waste of the type that has been sold in Canada by the Defendants as Hg5 Amalgam Separator, sometimes sold under product number HG5 001;

        (ii)  manufacturing, using, selling or offering for sale in Canada any other apparatus for removing particles from effluent liquid waste having the same or similar construction as the Hg5 Amalgam Separator referred to in subparagraph (i) above, as to those characteristics of such apparatus that satisfy the limitations of any of claims 94, 96, 101, 102, 105, 106, 108, 109, 110, 111, 112 and 113 of the Patent;

        (iii) manufacturing, using, selling or offering for sale in Canada apparatus for removing particles from effluent liquid waste as

- 4 -

        defined by claims 94, 96, 101, 102, 105, 106, 108, 109, 110, 111, 112 and 113 of the Patent;

    (iv)    inducing or procuring others to infringe any of claims 1, 9, 13, 16, 17, 97 and 98 of the Patent; or

    (v)    otherwise infringing the Patent; and

c)    reasonable compensation for any act on the part of the Defendants, after the application resulting in the Patent became open to public inspection under § 10 of the *Patent Act* (as deemed under § 66 of the Patent Rules) and before the grant of the patent, that would have constituted infringement of the patent if the patent had been granted on the day the application became open to public inspection under that section;

d)    an order directing the delivery up to the Plaintiff, or destruction upon oath, of any and all apparatus for removing particles from effluent liquid waste covered by one or more of claims 94, 96, 101, 102, 105, 106, 108, 109, 110, 111, 112 and 113 of the Patent;

e)    damages for patent infringement or an accounting of the profits made by the Defendants, as the Plaintiff may elect (the amount claimed, exclusive of interest and costs, exceeds $50,000, and the action is not being proceeded with as a simplified action);

f)    its costs, including GST;

g)    pre- and post-judgment interest; and

h)    such further and other relief as this Honourable Court may deem just.

## ALLEGATION OF MATERIAL FACTS

**Identification of Parties and Patent**

2. The Plaintiff, Maximum Separation Systems Inc, is a corporation organized and subsisting under the laws of British Columbia and has its principal office and place of business at 6588 Sooke Road, Sooke, British Columbia. The Plaintiff is engaged in the manufacture, sale and distribution of dental amalgam separators for removing dental amalgam and other particles from dental-office liquid effluent.

3. The Defendant, SolmeteX, Inc. (hereinafter SolmeteX), is a corporation organized and subsisting under the laws of Massachusetts and has its principal place of business at Suite 2 - 50 Bearfoot Road, Northborough, Massachusetts, United States of America. SolmeteX is engaged in the manufacture, sale and distribution of dental amalgam separators.

4. The Defendant, Garex Industries Ltd. (hereinafter Garex), is a corporation organized and subsisting under the laws of Ontario and has its principal place of business at 102 Helen Avenue, Markham, Ontario. Garex is engaged in the sale and distribution of dental office equipment, including dental amalgam separators manufactured by SolmeteX.

5. The Defendant, E.G. Plumbing Co. Ltd. (hereinafter E.G. Plumbing), is a corporation organized and subsisting under the laws of Ontario and has its principal place of business at 102 Helen Avenue, Markham, Ontario. E.G. Plumbing is engaged in the sale and installation of dental office equipment, including dental amalgam separators manufactured by SolmeteX. Garex and E.G. Plumbing are affiliated companies.

6. The Plaintiff was granted and is the owner of the Patent, entitled APPARATUS AND PROCESS FOR REMOVING METALLIC PARTICLES FROM EFFLUENT LIQUID WASTE. The application for the Patent was the national phase of Patent Cooperation Treaty ("PCT") Application No. PCT/CA 1999/00066, which was filed 21 July 1999, and which claimed priority from Canadian Patent Application Serial No. 2,243,580, filed 24 July 1998. The date of publication (in accordance with Article 21 of the PCT), of PCT Application No. PCT/CA 1999/00066 was 10 February 2000. The Patent issued on 3 December 2002. A printed copy of the Patent is appended as Appendix A hereto.

7. The Patent was granted to the Plaintiff, for a term expiring 20 years from the filing date 21 July 1999, whereby the Plaintiff has the exclusive right, privilege and liberty of making, constructing, using and selling to others to be used, the invention described and claimed in the Patent. The Patent has, since its date of issue, been in full force and effect.

8. The Patent relates to a new and useful apparatus for removing particles from effluent liquid waste. In light of growing concern about mercury in dental office effluent and the recent adoption in many jurisdictions of regulations regarding mercury removal from effluent liquid waste, a particularly useful use of the patented apparatus is in separating mercury from dental office liquid effluent.

9. The exclusive rights and privileges granted to the Plaintiff by the Patent are claimed in the Patent. The Plaintiff relies upon Claims 1, 9, 13, 16, 17, 94, 96, 97, 98, 101, 102, 105, 106, 108, 109, 110, 111, 112 and 113 of the Patent as having been infringed by the Defendants. Preferred embodiments of the patented apparatus are described in the specification of the appended copy of the Patent.

## The Defendant's Patent Infringement and Inducement of Patent Infringement

10. From dates known to the Defendants, but in any event since at least April 2001, the Defendants have sold and offered for sale in Canada amalgam separators satisfying the limitations of Claims 94, 96, 101, 102, 105, 106, 108, 109, 110, 111, 112 and 113 of the Patent. Such separators have included the SolmeteX Hg5 amalgam separator (hereinafter the "Hg5 separator"), which satisfies such claims limitations.

11. The Hg5 separator has all of the characteristics listed in the above-mentioned claims of the Patent. The Hg5 separator is intended for installation in-line in a dental office vacuum system between a suction device at a dental chair and a vacuum pump. The Hg5 separator has been so installed in dental offices in Canada by the Defendants or with the Defendants' guidance and support. The Hg5 separator comprises:

    (i) a surge tank for receiving liquid effluent from a dental suction device;
    (ii) a sedimentary deposit tank coupled to the surge tank for receiving effluent from the surge tank;
    (iii) an inlet fitting connected to the surge tank and an outlet fitting connected to the sedimentary deposit tank, suitable for connecting the Hg5 separator in-line in a dental office vacuum system, such that in use there exists a pressure differential between the surge tank and the sedimentary deposit tank; and
    (iv) a constriction in the flow path between the surge tank and the sedimentary deposit tank and/or a constriction in the flow path at the sedimentary deposit tank outlet, and/or a filter within the sedimentary deposit tank, that in use inhibits the flow of liquid effluent through the Hg5 separator.

In use, the pressure differential resulting from the in-line connection of the Hg5 separator combined with the flow inhibition of the constrictions and the filter,

cause the liquid effluent to flow at a slow flow rate through the sedimentary deposit tank, the slow flow rate facilitating settling of the particles within the sedimentary deposit tank. The foregoing characteristics of the Hg5 separator are such as to satisfy all of the limitations of Claims 94, 96, 101, 102, 105, 106, 109, 110, 111, 112 of the Patent.

12. The Hg5 separator also includes an air bypass conduit connecting the surge tank to the sedimentary deposit tank outlet. The bypass conduit, taken with the characteristics listed in the preceding paragraph, is such as to satisfy all of the limitations of Claims 108 and 113 of the Patent.

13. It is commonplace for dental office vacuum systems to include at least one valve or opening to atmosphere whereby pressure differentials in the systems are maintained when the system vacuum pump is operating. Such valve or opening constitutes a pressure balancing valve or the equivalent. SolmeteX has designed and manufactured its Hg5 separator for compatibility with and connection to such dental office vacuum systems. As well, the sedimentary deposit tank of the Hg5 separator, is a removable modular unit. The Defendants have in Canada induced infringement of Claims 1, 9, 13, 16, 17, 97 and 98 of the Patent, by inducing and assisting Canadian customers, including dentists or operators of dental offices or clinics, to install the Hg5 separator operatively coupled to such dental office vacuum systems. The use of the Hg5 separator in Canada by the Defendants' Canadian customers is a use of apparatus satisfying the limitations of Claims 1, 9, 13, 16, 17, 97 and 98 of the Patent, and therefore constitutes infringement of the Patent.

14. The Defendants have acted as pleaded in preceding paragraphs 10-13, without the license, permission or consent of the Plaintiff.

15. In or about January 2003, the Plaintiff notified the Defendants of the

infringement of the Patent, but the Defendants have refused to cease infringing. The Defendants will continue infringing the Patent unless restrained by this Honourable Court.

16. As a result of the Defendants' aforementioned activities, the Plaintiff lost customers and sales, and suffered loss and damage.

17. The Plaintiff is unaware of the full extent of the Defendants' infringement of the Patent. Full particulars of such infringement are within the knowledge of the Defendants and not within the knowledge of the Plaintiff.

The Plaintiff proposes that this action be tried at Vancouver, British Columbia.

Dated at Vancouver, British Columbia, this 31st day of October, 2003

Robert H. Barrigar, Q. C.
Barrigar Intellectual Property Law
Solicitors for the Plaintiff
290 - 1675 Douglas St.
Victoria, BC  V8W 2G5
Telephone:  250-389-0387
Telefax:    250-389-2659

Y:\MSS01\2609 CA\Court\Stmt Claim amended 031030.wpd



SIMPLY BETTER AMALGAM RECOVERY



December 12 2003

Mr. Owen Boyd
Mr. Nick Mozzicato
SolmeteX Inc
50 Bearfoot Road
Northborough, Ma 01532
USA

11 pages sent via Fax: 508-393-1795

Dear Mr. Boyd and Mr. Mozzicato

Re: SolmeteX alleged infringement on Maximum Separation Systems Inc (MSS)
US Patent Application Number 09/908,682.

Your Canadian Legal Council was advised three months ago that MSS will be issued a US patent and identified the claims in it. Please find enclosed a copy of this letter including the claims that are about to be published in the US Patent. I have been advised that this patent has been sent to the publisher in November and is about to be published shortly. I have enclosed a copy of the file from the United States Patent and Trademark Office indicating the status of the process.

As negotiations for a license of the MSS technology to SolmeteX Inc (from January 6 2003 to October 31 2003) has failed regarding the alleged Patent Infringement of Canadian Patent No.: 2,335,586, along with your companies attempt to avoid the defense of the legal action that was brought about with the Canadian Federal Court Action T-1787-03 (November 17 letter from K Sharpe), and your companies introduction of the latest model of amalgam separator (with two filter packs in parallel) that MSS further alleges is infringing upon its Patented Intellectual Property, MSS fully intends to proceed with the protection of its Patented Intellectual Property in the US immediately upon the receipt of its published US patent.

I wish to confirm that your company US legal council is the firm Wood, Herron and Evans LLP as indicated in their letter to MSS on January 12 2003.

Yours truly,

*[signature]*

Richard Chilibeck
President

JS 44 (Rev. 3/99)   CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

I. (a) PLAINTIFFS
SolmeteX, Inc.

DEFENDANTS
Maximum Separation Systems, Inc.

(b) County of Residence of First Listed Plaintiff: Worcester, Massachusetts
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan W. Fitch, Esq., Kurt S. Kusiak, Esq.
Sally & Fitch,
225 Franklin Street, 30th Floor
Boston, Massachusetts 02110-2804

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

IV. NATURE OF SUIT (Place an "X" in One Box Only)

CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

TORTS — PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

TORTS — PERSONAL INJURY
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- [ ] 820 Copyrights
- [X] 830 Patent
- [ ] 840 Trademark

SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 2201 and 2202 – Declaratory Judgment of patent invalidity and non-infringement.

VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE
DOCKET NUMBER

DATE: 17 Feb 2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



04 - 40024

FILED IN CLERK'S OFFICE

2004 FEB 17 A 11: 16

DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) __SolmeteX, Inc. v. Maximum Separation Systems, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do **all** of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☒   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jonathan W. Fitch and Kurt S. Kusiak__
ADDRESS __Sally & Fitch, 225 Franklin Street, Boston, MA   02110__
TELEPHONE NO. __(617) 542-5542__

(Coversheetlocal.wpd - 10/17/02)