IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| SOLMETEX, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAXIMUM SEPARATION SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 04-CV-40024 (NMG) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE

### INTRODUCTION

The defendant, Maximum Separation Systems, Inc. ("MSS"), owns U.S. Patent No. 6,692,636 ("the '636 patent"), which issued on February 17, 2004 to Dr. Richard Chilibeck.[1] Immediately, upon confirmation that the '636 patent had issued, MSS and Dr. Chilibeck filed a patent infringement suit on February 17, 2004 in the Western District of Washington against the plaintiff here, SolmeteX, Inc. ("SolmeteX"), Civil Cause No. C04-0324FDB, which suit is currently pending before the Honorable Franklin D. Burgess. Personal service was effected on SolmeteX on February 24, 2004, and Judge Burgess already has issued two orders, one relating to discovery and depositions and a second regarding initial disclosures and a joint status report.

On February 17, 2004, the same day MSS and Dr. Chilibeck filed their infringement suit involving the '636 patent against SolmeteX, SolmeteX filed this declaratory judgment action, seeking a judgment of non-infringement and invalidity as to the '636 patent. This declaratory

---

[1] Dr. Chilibeck had assigned the patent application to MSS but had not recorded the assignment with the United States Patent and Trademark Office ("USPTO"). As a result, the '636 patent did not issue in the name of the actual owner, MSS.

judgment suit appears to be the mirror image of MSS's Washington suit except that Dr. Chilibeck is not a named party here. For the reasons that follow, this Court lacks personal jurisdiction over MSS, and service of process has been improper. Accordingly, this redundant action should be dismissed as a matter of law.

## FACTUAL BACKGROUND

MSS is a Canadian corporation with its sole place of business in Sooke, British Columbia, Canada (Declaration of Chris Bryant, ¶ 3)[2]. It was formed to market the invention of Dr. Richard Chilibeck to an amalgam separator to be used in dental offices to clean the waste water of environmentally harmful heavy metals, including mercury, before it is discharged into a sewer or septic system (Bryant Dec. ¶ 4). Dr. Chilibeck assigned to MSS all of his rights in the pending patent application which became the '636 patent, but the assignment was not recorded in the U.S. Patent and Trademark Office, which listed him as the owner of record of the '636 patent when it issued (Bryant Dec. ¶¶ 5, 6). Dr. Chilibeck resides and practices dentistry in Victoria, British Columbia, Canada (Bryant Dec. ¶ 4).

MSS is a relatively newly formed company. It does business in Canada and more recently in the Western part of the United States. Because of its proximity to its home located in British Columbia, MSS sells products in the State of Washington. It has four dealers in Washington and has made approximately thirty sales to dental offices in that state. It has exhibited at tradeshows and advertised in Washington State. Further, it has submitted itself to the jurisdiction of the United States District Court for the Western District of Washington by filing the patent suit against SolmeteX there (Bryant Dec. ¶¶ 4, 8, 12, Exhibit C). SolmeteX

---

[2] The declaration of Chris Bryant, the President of MSS, is submitted with this Memorandum (hereinafter "Bryant Dec.").

2

clearly is subject to jurisdiction in Washington, as it has ten dealers in the State (Bryant Dec. ¶ 10, Exhibit B).

On the other hand, MSS has no physical presence in Massachusetts. It has made no sales in Massachusetts nor does it have any representatives, sales agents or licensees in Massachusetts (Bryant Dec. ¶ 9). The MSS website, http://www.amalgamseparators.com/, does not permit customers to order directly from the company but rather requires a prospective customer to buy through a dealer (Bryant Dec. ¶ 8). Thus, anyone in Massachusetts would have no opportunity to purchase from MSS, as it does not have a dealer or sales network in the state. In sum, MSS has no contacts with the Commonwealth of Massachusetts. The only contact MSS has had with Massachusetts, apart from the cease and desist letter dated December 12, 2003 which is attached to SolmeteX's complaint as Exhibit 2, are earlier cease and desist letters sent by MSS to SolmeteX relating to a Canadian patent, and two subsequent follow up letters in September, 2003 (Bryant Dec. ¶ 9, Exhibit A).

Since MSS has no contacts with Massachusetts, SolmeteX has attempted service of MSS by sending a copy of the summons and complaint in this action via UPS to Rex Stratton, one of the attorneys of record in the lawsuit filed by MSS in the Western District of Washington. Mr. Stratton does not have authority to accept service on behalf of MSS, and it does not appear that SolmeteX has sought to use any alternative means of service (Bryant Dec. ¶ 13; Exhibit D).

## ARGUMENT

I. **The Case Should Be Dismissed Under Rule 12(b)2**

   A. **Massachusetts Does Not Have Personal Jurisdiction Over MSS Under Rule 4(k)(2)**

In its complaint, SolmeteX recites Rule 4(k)(2) as the *sole* basis for personal jurisdiction over MSS. Rule 4(k)(2) provides:

If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Application of this subset of Rule 4 is explicitly limited to defendants who are not subject to jurisdiction in any state. "A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l, Inc. v. Borden Lasdner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). Not only does MSS have sufficient contacts with the State of Washington for the exercise of personal jurisdiction over it in the Western District of Washington, but it has already subjected itself to that Court's jurisdiction, and a suit relating to the '636 patent on what will be the same issues in this one[3] is proceeding there (Bryant Dec. ¶¶ 8, 11, 12, Exhibit C). Accordingly, the sole basis for personal jurisdiction pled by SolmeteX in its complaint does not apply.

**B.    MSS Does Not Have The "Minimum Contacts" With Massachusetts Sufficient For This Court To Exercise Personal Jurisdiction.**

Nor does MSS have sufficient minimum contact with the Commonwealth to subject it to personal jurisdiction here under any other theory. In *Measurement Computing Corp. v. General Patent Corp. Int'l, et al*, No. 03-11047 (a copy is which is attached as Exhibit 1 for the convenience of the Court), a case factually similar to this one, Chief Judge Young notes that the personal jurisdiction analysis involves two inquiries:

- First, whether the requirements of the long arm statute were met, and
- Second whether the exercise of personal jurisdiction over the defendant comports with Due Process. *Id at 6*.

---

[3] The Washington suit alleges infringement by SolmeteX of the '636 patent. That is the same issue raised here by SolmeteX. Here, SolmeteX has also alleged invalidity of the '636 patent. Such a claim would be mandatory, either as an affirmative defense or counterclaim by SolmeteX, when it answers in the Washington case.

4

In *Measurement Computing, supra*, at 7-8, the Court found that the defendant's purposeful communications with the plaintiff met the requirements of Mass. Gen. Laws c. 223 § 2(a), but this did not end the inquiry.

> To determine whether the assertion of personal jurisdiction would violate due process, the Court first considers whether (1) General Patent purposefully directed its activities at residents of Massachusetts, and (2) the claim arises out of or relates to those activities. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995) (quoting *Burger King* [*Corp v. Rudzewicz*, 471 U.S. 462] at 472 [(1985)]. On these two conditions, Measurement bears the burden of making a "prima facie showing that defendants are subject to personal jurisdiction." *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (fed. Cir. 2003) (stating that a prima facie showing is adequate in the absence of an evidentiary hearing on jurisdiction). Upon this showing, the Court makes an additional inquiry to determine whether, in light of other factors, an assertion of jurisdiction would be reasonable and fair. On this third condition, General Patent bears the burden of "present[ing] a compelling case that jurisdiction would be constitutionally unreasonable." See *Akro*, 45 F.3d at 1546 (citing *Burger King*, 471 U.S. at 476-477).

In the present case, and as set forth in the complaint, MSS's contact with Massachusetts was to send to SolmeteX, a Massachusetts company, a cease and desist letter. That correspondence might satisfy the literal requirement under the Massachusetts long arm statute for having "transact[ed] any business in this commonwealth", but as the Federal Circuit has recently held, "the mere sending of cease-and-desist letters, without more, is insufficient to satisfy the due process requirements for personal jurisdiction." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Thus, a patentee cannot subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located in that form of suspected infringement.

In *Measurement Computing*, Chief Judge Young also noted that the defendant, there, had negotiated and granted licenses to Massachusetts companies, but this activity by itself was an insufficient foundation upon which to uphold *in personum* jurisdiction.

5

Here, MSS has neither sales, dealers, or for that matter, licensees in Massachusetts. MSS has not directed advertising at Massachusetts residents, nor initiated any other purposeful contact with the forum except to deal with SolmeteX's infringement of its Canadian and U.S. patents. Thus, the due process requirement of purposefully activity directed at the forum is decidedly not present in this case.[4]

## II.     The Case Should Be Dismissed Under Rule 12(b)5

Further, personal jurisdiction under Rule 4(k)(2) is predicated on service of an original summons, and MSS, a Canadian corporation, has not been properly served.

SolmeteX attempted service of the original summons and complaint on MSS's *attorney* in Seattle, Washington. While Rule 4(e)(2) allows service upon an agent authorized *by appointment*, an attorney, solely by reason of his capacity as attorney, is not the client's agent by appointment to receive service of process. *United States v. Ziegler Bolt & Parts Co.* 111 F3d 878, 881 (Fed. Cir. 1997). Actual authority to receive process must have been given by the party to be served. *Nelson v. Swift*, 271 F.2d 504, 505 (D.C. Cir. 1959).

Rule 4(h), provides that business entities outside the United States may be served by any method permitted for service of individuals in a foreign country under Rule 4(f), *except* for personal delivery. That has not occurred.

---

[4] MSS' website is insufficient as well to establish personal jurisdiction. The vast majority of cases hold that a purely passive internet site, such as MSS's (where products cannot be ordered), is not sufficient contact with a state by itself to confer personal jurisdiction over the site owner, *see Zippo Mfg. Co. v. Zippo Dot Comm, Inc.*, 952 F. Supp. 1119, 1124 (D. Pa. 1997); *Barrett v. Catacombs Press*, 44 S. Supp. 2d 717, 727 (E.D. Pa. 1999); *Ramnoch, Inc. v. Ramnoch Corp.*, 52 F. Supp. 2d 681, 683-686 (E.D. Va. 1999); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419-420 (9 Cir. 1997); and *3D Systems, Inc. v. Aerotech Laboratories, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998) (citing *Cybersell*). A single District of Massachusetts case on the subject, *Digital Equipment Corp. v. Altavista Tech., Inc.*, 960 F. Supp. 456 (D. Mass. 1997) found personal jurisdiction here based in part on a website but even there, the website was not passive. Instead, a few Massachusetts sales had been made through it, *Id.* at 472.

While a defect is curable for the purposes of perfecting service, this Court will still lack *in personum* jurisdiction under Rule 4(k)(2) or under the "minimum contacts" doctrine.[5]

## CONCLUSION

This action must be dismissed as it was clearly improvidently filed against a foreign defendant that cannot be found within the District of Massachusetts for purposes of personal jurisdiction and which has been improperly served.

Dated: March 3, 2004

Respectfully submitted,

MAXIMUM SEPARATIONS SOLUTIONS, INC.

_____
John M. Skenyon (BBO #465,440)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Fax: (617) 542-8906
Attorneys for Maximum Separations Solutions, Inc.

Of Counsel:

Rex B. Stratton, Esq.
Jennifer L. Jolley, Esq.
STRATTON BALLEW PLLC
1218 Third Avenue, Suite 1522
Seattle, WA 98101
Tel:   206-682-1496
Fax:  206-682-0446

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(A)(2), John M. Skenyon, counsel for Maximum Separations Solutions, Inc. and Brett A. Schatz, counsel for SolmeteX, Inc. conferred on March 3, 2004 by telephone and attempted in good faith to resolve or narrow the issues presented by Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Service, but were unable to do so.

_____
John M. Skenyon

20814380.doc

---

[5] This Court likewise lacks proper venue under 28 U.S.C. §§ 1391(c).