IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | | |
|---|---|---|
| MAXIMUM SEPARATION SYSTEMS, INC., ET AL. | ) ) ) | Civil Action No.: 04-CV-00324 |
| Plaintiff, | ) ) ) | Judge: Burgess |
| v. | ) ) | |
| SOLMETEX, INC. | ) ) | |
| Defendant. | ) | |

**DEFENDANT SOLMETEX, INC.'S, MOTION TO STAY
OR TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant, SolmeteX, Inc. ("SolmeteX"), by and through counsel hereby moves

this Court to stay the instant action, or in the alternative, transfer venue pursuant to 28 U.S.C. §

1404(a), to the United States District Court for the District of Massachusetts, Worcester

Division, for consolidation with a previously filed, and identical, lawsuit. SolmeteX, Inc. v.

Maximum Separation Systems, Inc., Civ. No. 04-CV-40024. Because SolmeteX was the "first-

to-file" an identical lawsuit in the District of Massachusetts, Worcester Division, the law is

uniform: only the court in which the first-filed action was brought, in this case the court in

Massachusetts, may determine which forum will hear the case. This case should be stayed

pending that determination by the court in Massachusetts.

In the alternative, this case should be transferred to the District of Massachusetts,

Worcester Division. Simply put, this case involves a Canadian company suing a Massachusetts-

based company in the state of Washington. Neither party to this litigation has any significant

1

relationship with this forum, nor do they engage in any significant business activity in this forum related to the subject matter of plaintiff Maximum Separation Systems, Inc.'s ("Maximum Separation"), allegation of patent infringement. Rather, the center of the accused infringing activity occurred at SolmeteX's principal place of business only a few miles from Worcester, Massachusetts. Further, the sources of proof, including the documents and witnesses, for the critical issues of infringement, damages, and invalidity are located in Massachusetts, and, more particularly, the Worcester Division. Finally, this case should be transferred for the convenience of the witnesses. In sum, the business activities of the parties, the location of the sources of proof, and the convenience of the witnesses, uniformly point to the United States District Court for the District of Massachusetts, Worcester Division, warranting this Court to exercise its judicial discretion to transfer this case there for consolidation with a previously filed, and identical, lawsuit currently pending there.

A Proposed Order granting SolmeteX's Motion is attached for the convenience of the Court.

WHEREFORE, defendant SolmeteX, Inc., requests that its Motion be granted.

LANE POWELL SPEARS
LUBERSKY, L.L.P.

Dated:  March 16, 2004          By:  s/ John S. Devlin III
                                     John S. Devlin III (23988)
                                     devlinj@lanepowell.com
                                     LANE POWELL SPEARS
                                      LUBERSKY, L.L.P.
                                     1420 Fifth Avenue, Suite 1400
                                     Seattle, Washington 98101
                                     Telephone: (206) 223-6280
                                     Facsimile: (206) 613-4253
                                     Counsel for Defendant SolmeteX, Inc.

2

Of Counsel:

J. Robert Chambers  (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone:  (513) 241-2324
Facsimile:  (513) 421-7269
Counsel for Defendant SolmeteX, Inc.

K:\SXI\12\Motion Change of Venue

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Jennifer L. Jolley and Rex B. Stratton, Esq., counsel for Maximum Separation Systems, Inc., and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  John M. Skenyon, Esq., Fish & Richardson, 225 Franklin Street, Boston, Massachusetts 02110, counsel for Maximum Separation Systems, Inc.

s/ John S. Devlin III

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | | |
|---|---|---|
| MAXIMUM SEPARATION SYSTEMS, INC., ET AL. | ) ) | Civil Action No.: 04-CV-00324 |
| | ) | |
| Plaintiff, | ) ) | Judge: Burgess |
| | ) | |
| v. | ) ) | |
| SOLMETEX, INC. | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT SOLMETEX, INC.'S, MEMORANDUM IN
SUPPORT OF MOTION TO STAY OR TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

I.    **INTRODUCTION**

Defendant, SolmeteX, Inc. ("SolmeteX"), by and through counsel hereby

moves this Court to stay the instant action, or in the alternative, transfer venue pursuant

to 28 U.S.C. § 1404(a), to the United States District Court for the District of

Massachusetts, Worcester Division, for consolidation with a previously filed, and

identical, lawsuit. SolmeteX, Inc. v. Maximum Separation Systems, Inc., Civ. No. 04-

CV-40024.[1]   Because SolmeteX was the "first-to-file" an identical lawsuit in the District

of Massachusetts, Worcester Division, the law is uniform: only the court in which the

first-filed action was brought, in this case the court in Massachusetts, may determine

---

[1] Maximum Separation will likely argue that the two cases are not identical because in this Court, Richard
H. Chilibeck, the named inventor, is joined as a plaintiff.  Maximum Separation's argument is meritless.  In
the Massachusetts action, Maximum Separation admits that Chilibeck assigned the entire right, title and
interest in the patent in suit to Maximum Separation but that the assignment had not yet been recorded in
the United States Patent and Trademark Office.  However, recording an assignment is not a prerequisite to
ownership.  The recording statute, 35 U.S.C. §261, exists only to protect the assignee from subsequent bona
fide purchasers without notice.  *GAIA Tech., Inc. v. Reconversion Tech., Inc.*, 93 F.3d 774 (Fed. Cir. 1996).

which forum will hear the case. This case should be stayed pending that determination by the court in Massachusetts.

In the alternative, this case should be transferred to the District of Massachusetts, Worcester Division. Simply put, this case involves a Canadian company suing a Massachusetts-based company in the state of Washington. Neither party to this litigation has any significant relationship with this forum, nor do they engage in any significant business activity in this forum related to the subject matter of plaintiff Maximum Separation Systems, Inc.'s ("Maximum Separation"), allegation of patent infringement. Rather, the center of the accused infringing activity occurred at SolmeteX's principal place of business near Worcester, Massachusetts. Further, the sources of proof, including the documents and witnesses, for the critical issues of infringement, damages, and invalidity are located in Massachusetts, and, more particularly, the Worcester Division. Finally, this case should be transferred for the convenience of the witnesses. SolmeteX's witnesses are all located in Massachusetts. There are no witnesses for either party in Washington. In sum, the business activities of the parties, the location of the sources of proof, and the convenience of the witnesses, uniformly point to the United States District Court for the District of Massachusetts, Worcester Division, warranting this Court to exercise its judicial discretion to transfer this case there for consolidation with a previously filed, and identical, lawsuit currently pending there.

## II.     BACKGROUND

### A.     The Subject Of The Parties' Dispute

On December 12, 2003, Maximum Separation threatened SolmeteX with
infringement of the claims of United States Patent Application No. 09/908,682, once it
issued from the United States Patent and Trademark Office.  United States Patent
Application No. 09/908,682 matured into United States Letters Patent No. 6,692,636
("the '636 patent").  On February 17, 2004, the day the '636 patent issued, SolmeteX filed
suit against Maximum Separation in the United States District Court for the District of
Massachusetts, Worcester Division.  SolmeteX has asserted that the '636 patent is invalid
and void, and seeks a declaration from the Massachusetts Court that neither SolmeteX
nor any of its customers or licensees infringes the '636 patent.  Later that same day,
Maximum Separation filed the instant action alleging infringement by SolmeteX of the
'636 patent.  The '636 patent is directed generally toward dental amalgam separators for
removing dental amalgam and other particles from dental-office liquid effluent.

### B.     SolmeteX's Business

SolmeteX is a Delaware corporation having its principal place of business
in Northborough, Massachusetts, which is located a few miles from Worcester,
Massachusetts and within the jurisdiction of the United States District Court for the
District of Massachusetts, Worcester Division. (Affidavit of Nicholas J. Mozzicato, at ¶
2, hereinafter "Mozzicato Aff., at ¶__", attached hereto as Exhibit A.)  From its
headquarters in Massachusetts, SolmeteX manages all aspects of its dental amalgam
separators business. This includes development and manufacture of specialized

3

technology for the safe and economic removal of heavy metal contaminants.  In particular, SolmeteX designs and manufactures its dental amalgam separators at its corporate headquarters in Massachusetts.  SolmeteX also sells and distributes dental amalgam separators from Massachusetts.  Accounting, marketing, and customer service activities also take place there. Mozzicato Aff., at ¶ 5; Affidavit of Owen E. Boyd, at ¶ 5, attached hereto as Exhibit B.  Thus, the conduct complained of by Maximum Separation as constituting acts of infringement takes place in Massachusetts, and more particularly in the District of Massachusetts, Worcester Division.

As one would anticipate, the documents related to SolmeteX's dental amalgam separators are located at SolmeteX's principal place of business in Massachusetts. (Affidavit of Ted Shields, at ¶ 5, attached hereto as Exhibit C.)  In addition, all of SolmeteX's documents related to the design, manufacture, and use of dental amalgam separators are located there. Shields Aff., at ¶ 5.  None are located in Washington. Shields Aff., at ¶ 5.  All of SolmeteX's financial data relating to the marketing and sale of its dental amalgam separators are located in Massachusetts.  None are located in Washington. Mozzicato Aff., at ¶ 6.

SolmeteX does not maintain a single office, employee, or representative in Washington. (Affidavit of Tony MacDonald, at ¶ 5, attached hereto as Exhibit D.) Furthermore, SolmeteX does not design or manufacture dental amalgam separators in Washington. MacDonald Aff., at ¶ 6.  Further, while SolmeteX has sold allegedly infringing products in Washington, in 2003 those sales only accounted for approximately 2.8% of SolmeteX's total units sold and approximately 6.0% of SolmeteX's units sold in the United States.   Those same sales resulted in less than $50,000 in gross revenue, and

4

only accounted for approximately 3.2% of SolmeteX's total gross revenue and

approximately 6.1% of SolmeteX's gross revenue in the United States. MacDonald Aff.,

at ¶ 7.


        **C.**     **Maximum Separation's Business**

        Maximum Separation is a Canadian corporation engaged in the

manufacture, sale, and distribution of dental amalgam separators. Its headquarters and

principal place of business is located in British Columbia, Canada. According to

Maximum Separation's website, it does not have an office in Washington, or anywhere in

the United States. (*See* Exhibit E.) To SolmeteX's knowledge, Maximum Separation has

no significant contact with the state of Washington other than the possibility of some

limited sales.


**III.**    **ARGUMENT**

        **A.**     **The Law Requires The Massachusetts Court To Determine**
              **Which Case Should Proceed**

        In the words of Judge Carr sitting in the United States District Court for

the Northern District of Ohio:

> …I am firmly persuaded that the most appropriate approach
> is for the court where a complaint is first filed to determine
> which case should go forward. This approach is supported
> by a body of case law that directs the court which first
> obtains jurisdiction to determine whether it should retain
> the case or let it proceed in the court of second filing.

*Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042 (N.D.

Ohio 2001); *see also Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles Cty.*, 542 F.

Supp. 1317, 1321 (S.D.N.Y. 1982) ("Under these circumstances, the court is of the opinion that the district court hearing the first-filed action should determine whether special circumstances dictate that the first action be dismissed in favor of a later-filed action."); *SW Indus., Inc. v. Aetna Casualty & Surety Co.*, 635 F. Supp. 631, 639 (D.R.I. 1987) ("...the decision as to which forum is more appropriate is a prerogative of the court hearing the first-filed action."); *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) ("Logically, however, we must first decide which court should grapple with the issue of where the case should proceed. This District has laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case."); *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985)("...the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions.")

   Based on the uniform decisions by federal courts across the country, this Court should allow the Massachusetts Court to determine which case should proceed. Any decision on the merits of the instant action rendered by this Court would duplicate judicial resources unnecessarily, create the potential for conflicting decisions, and invite reversible error.

  **B.**  **The Law Regarding Change Of Venue**

   Title 28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(a) allows a district court, in its discretion, to transfer an action to another

district if (1) the suit "might have been brought" in the transferee forum, and (2) transfer

would be to the convenience of the parties or witnesses, or in the interest of justice.

*Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir. 1968); *Decker Coal*

*Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

            Pursuant to 28 U.S.C. § 1400(b), Maximum Separation "might have

brought" its suit for patent infringement anywhere SolmeteX resides.[2]  SolmeteX has its

executive offices, equipment design and manufacturing facilities, sales headquarters, and

its principal place of business in Northborough, Massachusetts, which is located a few

miles from Worcester, Massachusetts and within the jurisdiction of the United States

District Court for the District of Massachusetts, Worcester Division.  As a result,

Maximum Separation's suit "might have been brought" in the District of Massachusetts.

*See Telepharmacy Solutions v. Pickpoint Corp.*, 238 F.Supp. 2d 741, 742 (E.D. Va.

2003)("There is no question that this case could have been brought in that forum, as it is

[the defendant's] principal place of business.")  "Therefore, the sole issue before the

Court is where it will be most convenient to litigate this case and where the interest of

justice will be best served." *Ion Beam Applications v. The Titan Corp.*, 156 F.Supp. 2d

552, 560 (E.D. Va. 2000).

---

[2] As a corporate defendant, SolmeteX is deemed to reside "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

**C.    The Law Provides For Change Of Venue For The Convenience Of The Witnesses And Parties And The Interest Of Justice**

While derived in part from, and drafted in accordance with, the common law doctrine of forum non conveniens, 28 U.S.C. § 1404(a) is broader and grants district courts more discretion to transfer cases than the common law doctrine. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981); *Akers v. Norfolk and Western Railway Co.*, 378 F.2d 78, 79 (4th Cir. 1967) ("This statute is more lenient in authorizing transfers than is the common law doctrine of forum non conveniens.")  Thus, a district court may, in its sound discretion, transfer a case to another federal district court. *Arley v. Union Pacific Ins. Co.*, 379 F.2d 183, 189 (9th Cir. 1967), *cert. denied*, 390 U.S. 950, 19 L. Ed. 2d 1140, 88 S. Ct. 1039 (1968); *Pacific Car*, 403 F.2d at 955.

In determining whether to grant a motion under 28 U.S.C. § 1404(a), a district court should consider a number of factors, including ease of access to sources of proof; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses, the availability of compulsory process; the interest in having local controversies decided at home; and, the interest of justice. *Decker Coal,* 805 F.2d at 843, *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); *see also Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D. Va. 1992).  In addition, the district court should consider the location of the defendant's principal place of business and the location of witnesses and documents. *Injen Tech. Co. v. Advanced Engine Mgmt., Inc.*, 270 F.Supp. 2d 1189, 1196 (S.D. Cal. 2003); *Verosol*, 806 F.Supp. at 593.

Often the most important factor is the convenience of the witnesses. *Sorensen v. DaimlerChrysler AG*, No. C-02-4752, 2003 U.S. Dist. LEXIS 6294, at *4 (N.D. Cal. Apr. 14, 2003), attached hereto as Exhibit F, *citing Steelcase, Inc. v. Haworth, Inc.*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996). Notably, the plaintiff's choice of forum, especially where the plaintiff is a foreign company, is entitled to little weight. *Sorensen*, at *10-11, *citing Piper Aircraft*, 454 U.S. at 255.

In a patent infringement case, the district court should also consider where the alleged infringing products were designed, developed, and manufactured. *Injen Tech*, 270 F.Supp. 2d at 1196. As stated by the court in *Sorensen v. DaimlerChrysler AG*, No. C-02-4752, 2003 U.S. Dist. LEXIS 6294, at *12 (N.D. Cal. Apr. 14, 2003), attached hereto as Exhibit F:

> Moreover, even where a plaintiff has a chosen forum close to his place of residence, district courts have applied a 'general rule' that, in actions based on a claim of patent infringement, a plaintiff's choice of forum is accorded little deference where the central facts of the lawsuit occur outside the plaintiff's chosen forum. *See, e.g., S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983). In such circumstances, 'the preferred forum is that which is the center of the accused activity.' *See id.* The 'center of the accused activity' is the forum where the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales decisions concerning the accused product. *See id.* at 1188 (holding preferred forum was district in which defendant conducted 'all development, testing, research, and production' and made 'virtually all marketing and sales decisions' concerning accused product); *see also Saint-Gobain Calmar, Inc. v. Nat'l Products Corp.*, 230 F.Supp. 2d 655, 660 (E.D. Pa. 2002)(holding plaintiff's choice of forum entitled to less deference where 'center of gravity of the alleged infringement' occurred in another forum where defendant assembled and shipped accused device).

*See also, Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F.Supp. 2d 689,

696-97 (E.D. Va. 2000). Here, the center of the accused activity is Massachusetts, where

all design, testing, manufacturing, marketing and sales decisions were made.

Consequently, Maximum Separation's choice of the District of Washington is entitled to

little, if any, weight. *Sorensen*, at *12.

       Thus, all of the factors this Court is to consider weigh heavily toward

transferring this case to the United States District Court for the District of Massachusetts,

Worcester Division.


    **D.**    **SolmeteX's Alleged Acts Of Infringement**
           **Center In The District Of Massachusetts**

       In patent infringement actions, the preferred forum is that which is the

center of the accused infringing activity, including the defendant's place of development,

manufacture, marketing, and sales of the accused products. *Sorensen*, 2003 U.S. Dist.

LEXIS 6294, at *12; *Koh v. Microtek Int'l, Inc.*, 250 F.Supp. 2d 627, 638 (E.D. Va.

2003); *citing GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp. 2d 517, 519 (E.D. Va.

1999); *LG Electronics Inc. v. Advance Creative Computer Corp.*, 131 F.Supp. 2d 804,

814 (E.D. Va. 2001). Thus, in granting transfers federal district courts take into

consideration where the design and manufacture of the alleged infringing products

occurred. *Cognitronics*, 83 F.Supp. 2d at 696-697.

       In the present case, the accused activity centers around SolmeteX's dental

amalgam separators, and the design, manufacture, marketing, and sales of those products.

From its principal place of business in Massachusetts, SolmeteX designs and

manufactures its dental amalgam separators. Mozzicato Aff., at ¶ 5; Boyd Aff., at ¶ 5.

SolmeteX also sells and distributes dental amalgam separators from Massachusetts. Mozzicato Aff., at ¶ 5; Boyd Aff., at ¶ 5. Accounting, marketing, and customer service activities also take place there. Mozzicato Aff., at ¶ 5; Boyd Aff., at ¶ 5. Thus, Massachusetts is SolmeteX's center of production and the hub of activity involved in this case.

SolmeteX does not maintain a single office, employee, or representative in Washington. MacDonald Aff., at ¶ 5. Furthermore, SolmeteX does not design or manufacture dental amalgam separators in Washington. MacDonald Aff., at ¶ 6. In 2003, SolmeteX's Washington sales of the allegedly infringing products accounted for less than 3 percent of SolmeteX's total units sold of the allegedly infringing products. MacDonald Aff., at ¶ 7. Those same sales resulted in less than $50,000 in gross revenue. MacDonald Aff., at ¶ 7. Therefore, Massachusetts, not Washington, is the hub of activity involved in this case.

"The purpose of the patent venue statute is to limit [Maximum Separation's] choice of forum to the district of [SolmeteX's] domicile and such other districts as are related in particular ways to [SolmeteX] and [its] activities." *Koh*, 250 F.Supp. 2d at 641. Thus, as is the case here, when the alleged infringer and the alleged infringing activity are located in the transferee forum, this factor weighs in favor of transfer. *Id.* at 637.

### E.    Neither SolmeteX Nor Maximum Separation Have Significant Contacts With Washington

That the forum chosen by Maximum Separation is not the home forum for either party is a factor strongly favoring transfer. *Ion Beam*, 156 F.Supp. 2d at 561; *LG*

*Electronics*, 131 F.Supp. 2d at 814; *Telepharmacy Solutions*, 238 F.Supp. 2d at 743 ("In

the matter at hand, Virginia is not the home forum of either plaintiff or defendant...")  As

noted above, SolmeteX and Maximum Separation's principal places of business are

located in Massachusetts and Canada, respectively.  SolmeteX does not maintain a single

office or employee in Washington. MacDonald Aff., at ¶ 5.  While SolmeteX has sold

equipment in Washington, contacts with a forum amounting merely to sales activities are

insufficient to oppose transfer to a forum with more significant contacts. *Koh*, 250

F.Supp. 2d at 635-636.  This, taken in view of the fact that Maximum Separation does not

have an office or any significant activity in Washington associated with this litigation,

demonstrates that neither party in this case has any significant connection with

Washington, much less relating to the patent that is asserted by Maximum Separation in

this litigation. (*See* Exhibit E.)

       Maximum Separation can point to no more relation of the instant claims

with the state of Washington than minor sales of the alleged infringing product in

Washington.  But as observed by the court in *Sorensen*, those contacts are likely to exist

in every district in the United States, including the District of Massachusetts.  By

contrast, the center of the accused activity is Massachusetts. *Sorensen*, at * 14.


       **F.**    **The Documents And Witnesses That Are The Sources**
            **Of Proof For The Issues Of Infringement, Damages,**
            **And Invalidity Are Located In The District Of**
            **Massachusetts, Worcester Division**

       As in most patent cases, the primary issues in this case are infringement,

damages, and invalidity.  In regard to the infringement issue, Maximum Separation bears

the burden to establish that the construction of SolmeteX's dental amalgam separators,

and its sales of machines that remove dental amalgam and other particles from dental-office liquid effluent, fall within the scope of Maximum Separation's patent. Therefore, the issue of infringement will center around the location where these activities take place. As noted above, SolmeteX manages all aspects of its business in Massachusetts. This includes design and manufacture of dental amalgam separators. Mozzicato Aff., at ¶ 5; Boyd Aff., at ¶ 5. SolmeteX also sells and distributes dental amalgam separators from Massachusetts. Mozzicato Aff., at ¶ 5; Boyd Aff., at ¶ 5. Accounting, marketing, and customer service activities also take place there. Mozzicato Aff., at ¶ 5; Boyd Aff., at ¶ 5. SolmeteX does not design or manufacture dental amalgam separators in Washington. MacDonald Aff., at ¶ 6.

The documents related to the issue of infringement are also located in Massachusetts. SolmeteX's documents regarding its dental amalgam separators are located at SolmeteX's principal place of business in Massachusetts. Shields Aff., at ¶ 5. In addition, all of SolmeteX's documents related to the design and manufacture of dental amalgam separators are located there. Shields Aff., at ¶ 5. None are located in Washington. Shields Aff., at ¶ 5. All of SolmeteX's financial data relating to the marketing and sale of its dental amalgam separators are located in Massachusetts. None are located in Washington. Mozzicato Aff ., at ¶ 6.

Finally, all of SolmeteX's witnesses who are likely to testify regarding the issue of infringement are located in Massachusetts. Mr. Mozzicato, SolmeteX's President, has personal knowledge of, and will likely testify to, the design and construction of SolmeteX's dental amalgam separators. Mozzicato Aff., at ¶¶ 1, 5. In particular, Mr. Mozzicato will likely testify regarding the manufacture of dental amalgam

13

separators. Mozzicato Aff., at ¶¶ 1, 5.  Mr. Boyd, SolmeteX's Chief Executive Officer,

also has personal knowledge of, and will likely testify to, the construction of SolmeteX's

dental amalgam separators. Boyd Aff., at ¶ 6.  Mr. Shields, SolmeteX's Applications

Manager, has personal knowledge of, and will likely testify regarding, the design by

SolmeteX of machines that remove dental amalgam and other particles from dental-office

liquid effluent. Shields Aff., at ¶ 6.  Messrs. Mozzicato, Boyd, and Shields are employed

by SolmeteX in its Massachusetts location, and reside in the suburbs near Worcester.

Mozzicato Aff., at ¶¶ 3-4; Boyd Aff., at ¶¶ 3-4; Shields Aff., at ¶¶ 3-4.

   As to the issue of damages, Maximum Separation will inevitably seek

SolmeteX's financial and sales documents.  All of SolmeteX's financial data relating to

the marketing and sale of its dental amalgam separators is located in Massachusetts.

Mozzicato Aff., at ¶ 6.  Mr. MacDonald is the individual most knowledgeable regarding

SolmeteX's sales and marketing activities and will likely testify thereto. MacDonald Aff.,

at ¶¶ 1, 5.

  **G.**  **The Convenience Of The Critical Witnesses Warrants Transfer**

   "Witness convenience is often dispositive in transfer decisions." *Koh*, 250

F.Supp. 2d at 636; *see also Florens Container v. Cho Yang Shipping*, 245 F.Supp. 2d

1086, 1089 (N.D. Cal. 2002).  In determining which forum is more convenient for

witnesses, the identity of the witnesses, the location of the witnesses' residences and the

substance of their testimony are factors to be considered. *A.J. Indus. v. United States*, 503

F.2d 384, 389 (9th Cir. 1974).  As noted above, the primary witnesses likely to testify on

SolmeteX's behalf in regard to the critical issues of infringement, damages, and

invalidity, *i.e.*, Messrs. Mozzicato, Boyd, Shields, and MacDonald, are employed and

reside within or near the District of Massachusetts, Worcester Division.  As primary

witnesses for, and President, Chief Executive Office, Applications Manager, and V.P. of

Sales and Marketing of SolmeteX, the convenience to Messrs. Mozzicato, Boyd, Shields,

and MacDonald is to be accorded greater weight favoring transfer. *Board of Trustees v.*

*Baylor Heating and Air Conditioning, Inc.*, 702 F.Supp. 1253, 1258 (E.D. Va. 1988).

Accordingly, it is beyond serious question that litigating this matter in Massachusetts will

reduce substantially the time, expense, and disruption to SolmeteX's business operations

than a trial in this forum -- some 3000 miles away -- would entail.  In such cases, transfer

is appropriate. *See Koh*, 250 F.Supp. 2d at 637; *citing Telepharmacy Solutions*, 238

F.Supp. 2d at 743 (finding sufficient proof of witness inconvenience where the defendant

submitted a witness list confirming that most of the individuals involved in the design

and manufacturing of the accused product were in the transferee state.)

       The locations of the witnesses likely to be offered by Maximum

Separation do not offset the convenience to SolmeteX's witnesses of transferring this

case to the District of Massachusetts, Worcester Division.  From the face of the '636

patent, it appears that the inventor does not reside in Washington.  Rather, he appears to

reside in Canada.  Presumably, Maximum Separation will also elicit testimony from at

least one employee from its principal place of business in Canada knowledgeable of

Maximum Separation's sales and marketing of its dental amalgam separators.

       Based upon the fact that none of the likely witnesses are located in

Washington, Maximum Separation cannot demonstrate that it or its witnesses will incur

any greater burden if this action is transferred to Massachusetts. *See Smeltzer v. Southern*

*Resorts, Inc.*, No. 87-145-N, 1987 U.S. Dist LEXIS 9999, at *5 (E.D.Va., Norfolk Div.,

1987), attached hereto as Exhibit G ("[T]ransfer will usually be appropriate where trial in

the plaintiff's chosen forum imposes a heavy burden on the defendant and plaintiff is

unable to offer specific reasons of convenience supporting her choice.")  Under these

circumstances, the convenience of the parties and witnesses points strongly to trial in

Massachusetts.

     **H.**    **The District Of Massachusetts Has An Interest In**
                **Deciding This Controversy**

        Because SolmeteX makes, uses, offers for sale, and/or sells the products

allegedly infringing Maximum Separation's patent in Massachusetts, the District of

Massachusetts has an interest in deciding this controversy.  The same cannot be said for

the Western District of Washington, which has no interest in the parties' controversy.

While SolmeteX concedes that allegedly infringing products have been sold in

Washington, even more extensive contacts in other cases have failed to raise sufficient

interest to avoid transfer. *Cognitronics*, 83 F.Supp. 2d at 697 ("[The plaintiff] has pointed

to a number of connections between this case and the Eastern District of Virginia, all of

which are tenuous, at best; (1) [the defendant] is a Virginia corporation and maintains one

sales office within this district from which the product in question has presumably been

sold, so that some evidence, albeit little, of damages may be found in the Eastern District

of Virginia; . . . ").

        Significantly, no factor weighs in favor of retention of this action in

Washington given that neither Maximum Separation nor SolmeteX resides in

Washington, that no potential witnesses reside in Washington and that no potential evidence is located in Washington.

I.    **The Interest Of Justice And The First-To-File Rule Warrant Transfer**

As noted above, SolmeteX has significant contacts with Massachusetts, including its principal place of business and all of the witnesses it is likely to offer reside there.  In addition, the sources of proof for the issues of invalidity, infringement, and damages, are located in Massachusetts.  On Maximum Separation's part, transfer to Massachusetts will not be any more burdensome.  As noted above, Maximum Separation has little, if any, connection with this forum.  In particular, the witnesses it is likely to offer are not located in Washington.

In addition, pending in the District of Massachusetts, Worcester Division, is an identical lawsuit. SolmeteX, Inc. v. Maximum Separation Packaging International, Inc., Civ. No. 04-CV-40024.  This lawsuit is a declaratory judgment action, filed before the instant action, involving the same parties and patent.  The first-to-file rule provides that when identical suits are pending in two courts, the first action filed generally should proceed to judgment. *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984).  "It was developed to promote judicial efficiency and 'should not be disregarded lightly.'" *Levi Strauss & Co. v. Seattle Pacific Indus., Inc.*, No. C97-34441, 1998 U.S. Dist. LEXIS 4261, at *4 (N.D. Cal. 1998), attached hereto as Exhibit H; *quoting Church of Scientology v. United States*, 611 F.2d 738, 750 (9th Cir. 1979).  That SolmeteX was the first-to-file, taken in view of the fact that neither party to this litigation has any significant relationship with this forum, and the sources of proof, including the documents and witnesses, for the

17

critical issues of infringement, damages, and invalidity are located in Massachusetts, transfer is appropriate.

Finally, this case should be transferred for consolidation with the case pending in Massachusetts. "Transfer is favored where it will allow consolidation with another pending action and conserve judicial resources." *Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478, 483 (D. Del. 1987).


## IV.    CONCLUSION

For the foregoing reasons, defendant SolmeteX, Inc., requests that its Motion To Stay Or Transfer Venue Pursuant to 28 U.S.C. § 1404(a) be granted.


LANE POWELL SPEARS
LUBERSKY, L.L.P.


Dated:  March 16, 2004          By:  s/ John S. Devlin III
                                     John S. Devlin III (23988)
                                     devlinj@lanepowell.com
                                     LANE POWELL SPEARS
                                      LUBERSKY, L.L.P.
                                     1420 Fifth Avenue, Suite 1400
                                     Seattle, Washington 98101
                                     Telephone: (206) 223-6280
                                     Facsimile: (206) 613-4253
                                     Counsel for Defendant SolmeteX,
                                     Inc.

Of Counsel:

J. Robert Chambers  (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone:  (513) 241-2324
Facsimile:  (513) 421-7269
Counsel for Defendant SolmeteX, Inc.

K:\SXI\12\SolmeteX Memo in Support Change of Venue.doc

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennifer L. Jolley and Rex B. Stratton, Esq., counsel for Maximum Separation Systems, Inc., and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: John M. Skenyon, Esq., Fish & Richardson, 225 Franklin Street, Boston, Massachusetts 02110, counsel for Maximum Separation Systems, Inc.

s/ John S. Devlin III