1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

MAXIMUM SEPARATION SYSTEMS,
INC., a Canadian corporation, and RICHARD
H. CHILIBECK, an individual,

12

Plaintiffs,

13

v.

14

SOLMETEX, INC., a Delaware corporation,

15

Defendant.

Case No. C04-0324FDB

ORDER GRANTING DEFENDANT'S
MOTION TO TRANSFER

16

17

18

19

Defendant SolmeteX, Inc. (sic) moves to stay the instant action or, alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a), to the United Sates District Court for the District of Massachusetts, Worcester Division for consolidation with a previously filed lawsuit, *SolmeteX, Inc. V. Maximum Separation Systems, Inc.,* Cause No. 04-CV-40024.

20

21

22

23

24

On February 17, 2004, the United States Patent and Trademark Office issued to Maximum Separation the patent at issue herein. On that same day two separate lawsuits were filed by the parties: SolmeteX filed suit against Maximum Separation in Massachusetts asserting that Maximum Separation's patent (the '636 patent) is void, and Maximum Separation filed the instant action alleging infringement by SolmeteX of the '636 patent.

25

26

ORDER - 1

1

2                              **BACKGROUND & PARTIES' ARGUMENTS**

3        SolmeteX is engaged in the development and manufacture of specialized technology for the

4   safe and economic removal of heavy metal contaminants.  In particular, SolmeteX designs and

5   manufactures, sells, and distributes its dental amalgam separators at its corporate headquarters in

6   Massachusetts.  SolmeteX maintains no office, employee, or representative in Washington, although

7   it has sales in Washington amounting to 2.8% of total units sold in the United States.

8        Maximum Separation is a Canadian corporation with its sole place of business in Sooke,

9   British Columbia, Canada and was formed to market Dr. Richard Chilibeck's invention: an amalgam

10  separator to be use in dental offices to clean the waste water of environmentally harmful heavy

11  metals before it is discharged into a sewer or septic system.  Dr. Chilibeck assigned to Maximum

12  Separation all of his rights in the '636 patent, but the assignment was not recorded in the U.S. Patent

13  and Trademark Office, which lists him as the owner.  Dr. Chilibeck resides and practices dentistry in

14  Victoria, British Columbia, Canada.  Maximum Separation has made few sales in the United States,

15  and most have been in Washington, and it has made no sales in Massachusetts, nor does it have any

16  representatives, sales agents, or licensees in Massachusetts.

17       SolmeteX argues that the Massachusetts case is the first-filed action, and this cause of action

18  should be stayed while that forum determines which forum should hear the case.  Alternatively, this

19  cause of action should be transferred to the District of Massachusetts, as neither party to this action

20  has significant contacts with Washington, while the center of the accused infringing activity occurred

21  in SolmeteX's principal place of business near Worcester, Massachusetts, where the sources of proof

22  (documents and witnesses) are located.

23       Maximum Separation argues that Massachusetts lacks personal jurisdiction over it and Dr.

24  Chilibeck, that Rule 4(k)(2) does not apply because Maximum Separation, rather than not being

25  subject to the jurisdiction of any state, does have sufficient contacts with Washington.

26  ORDER - 2

1

## DISCUSSION

2   There is case law that stands for the proposition that the court in which a case is first filed

3   should have the prerogative of determining which case should go forward.  *See, e.g. Daimler-*

4   *Chrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042 (N.D. Ohio 2001).  Under this

5   concept, the Massachusetts action should proceed first, as it is undisputed that it was filed first.

6   This case is also subject change of venue pursuant to 28 U.S.C. § 1404(a) which provides:

7   > For the convenience of the parties and witnesses, in the interest of justice, a
    > district court may transfer any civil action to any other district or division where it
8   > might have been brought.

9   Maximum Separation might have brought this cause of action for patent infringement anywhere

10  SolmeteX resides, and as SolmeteX has its executive offices, principal place of business, equipment

11  design and manufacturing facilities, and sales headquarters in Northborough, Massachusetts,

12  Maximum Separation's lawsuit might have been brought in the District of Massachusetts.  In

13  examining whether such a transfer would be for the convenience of the parties and witnesses, a court

14  should examine, in addition to the witnesses convenience, the ease of access to sources of proof, the

15  cost of obtaining the attendance of witnesses, the availability of compulsory process, the interest in

16  having local controversies decided at home, and the interest of justice.  The infringing activity that is

17  alleged in this case occurred in Massachusetts where all design, testing, manufacturing, marketing

18  and sales decisions were made.  *See* affidavits of Mozzicato, Boyd and MacDonald., and *see, e.g.,*

19  *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 638 (E.D. Va. 2003)(citing *GTE Wireless, Inc. v.*

20  *Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)).

21  Contrary to Plaintiff's argument that Massachusetts lacks jurisdiction over it pursuant to Fed.

22  R. Civ. P. 4(k)(2) because it has sufficient contacts with Washington, Plaintiffs do not have sufficient

23  contacts in this state for this Court to exercise jurisdiction over this cause of action.  Rule 4(k)(2)

24  provides:

25

26  ORDER - 3

1    (2) If the exercise of jurisdiction is consistent with the Constitution and laws
     of the United States, serving a summons or filing a waiver of service is also effective,
2    with respect to claims arising under federal law, to establish personal jurisdiction over
     the person of any defendant who is not subject to the jurisdiction of the courts of
3    general jurisdiction of any state.

4    Maximum Separation maintains that it has sufficient contacts only with Washington.  Maximum

5    Separation bears the burden of producing evidence demonstrating that it is subject to personal

6    jurisdiction in a particular state.  *See United States v. Swiss Am. Bank Ltd.*, 191 F.3d 30, 42 (1st Cir.

7    1999).  A company's lack of a regular place of business in the forum state is significant and weighs

8    strongly against exercising personal jurisdiction.  *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52

9    F.3d 267, 270 (9th Cir. 1995)("[The defendant's] lack of a regular place of business in Washington is

10   significant, and is not overcome by a few visits.")

11   Additionally, the nature of the party's contacts should be examined to see whether they

12   constitute the kind of continuous and systematic general business contacts that "approximate physical

13   presence."  *Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1124 (9th Cir. 2002)(citing

14   *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) and *Perkins v.*

15   *Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952).

16   According to Richard H. Chilibeck's affidavit (p. 2), Maximum Separation was formed in

17   1999, has not made significant inroads in the United States, has sold approximately 30 separator

18   units in Washington, and has four dealers servicing Washington.  Plaintiffs do not show that they

19   have a regular place of business in Washington, and its sales are insignificant.  Maximum

20   Separation's four years of business and 30 sales in Washington do not constitute the kind of

21   continuous and systematic general business contacts that "approximate physical presence."

22   Accordingly, because the requirements of Fed. R. Civ. P. 4(k)(2) are satisfied, and for the

23   convenience of the parties and witnesses and in the interest of justice, it is appropriate to transfer this

24   matter to the District of Massachusetts, Worcester Division, the Court wherein *SolmeteX, Inc. v.*

25   *Maximum Separation Systems, Inc.*, Civ. No. 04-CV-40024 was filed.

26   ORDER - 4

1    NOW, THEREFORE,

2    IT IS ORDERED: Defendant Solmetex, Inc.'s Motion To Stay or Transfer (Doc. # 11) is

3    GRANTED in the alternative and this matter is TRANSFERRED to the District of Massachusetts,

4    Worcester Division where the first-filed case, *SolmeteX, Inc. v. Maximum Separation Systems, Inc.*,

5    Civ. No. 04-CV-40024 was brought.

6    DATED this 6th day of April, 2004.

7

8                    *S/ Franklin D. Burgess*
                     FRANKLIN D. BURGESS
9                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER - 5