IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| SOLMETEX, INC., a Massachusetts corporation, | CAUSE NO. 04-40024-NMG |
| Plaintiff, | Judge: Gorton |
| v. | |
| MAXIMUM SEPARATION SYSTEMS, INC., a Washington corporation | |
| Defendant. | |

## DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE FOR LACK OF PERSONAL JURISDICTION

**Introduction and Summary**

As this court knows, the patent-in-suit, U.S. Patent No. 6,692, 636 (the *'636 patent*) issued on February 17, 2004 to Dr. Richard Chilibeck who had assigned the patent application to MSS but had not recorded the assignment with the United States Patent and Trademark Office (*USPTO*). Immediately upon confirmation that the '636 patent had issued, MSS and Dr. Chilibeck filed a lawsuit in the Western District of Washington against Solmetex, Inc., Civil Cause No. C04-0324FDB, which is currently pending before the Honorable Franklin D. Burgess on a motion for reconsideration. Personal service was effected over Solmetex on February 24, 2004.

On the same day, February 17, 2004, this action was filed by Solmetex. Judge Burgess has transferred the case pending before him to this Court, but for the reasons that

Def. Opposition to Motion to Consolidate
Page 1 of 7

follow, this Court lacks personal jurisdiction over both Maximum Separator Systems, Inc. and Dr. Richard Chilibeck. Therefore, no consolidation is possible and this action must be dismissed as a matter of law.

**Facts Relevant To Lack of Personal Jurisdiction**

Without repeating the briefing already before the Court, a few pertinent facts are critical to the jurisdictional issues. Defendant, Maximum Separator Systems, Inc., is a Canadian corporation with its sole place of business in Sooke, British Columbia, Canada. While Dr. Chilibeck is not a party to this action, he was the owner of record at the time the '636 patent issued and both this suit and the suit in the Western District of Washington were filed. Dr. Chilibeck resides and practices dentistry in Victoria, British Columbia, Canada.

MSS, although a relatively newly formed company, does a significant amount of its U.S. business in Washington. It has four dealers in Washington and has made approximately thirty sales to dental offices in that state. It has exhibited at tradeshows and advertised in Washington State. Further, it has submitted itself to the jurisdiction of the United States District Court for the Western District of Washington by filing of the action against Solmetex there. The state of Washington represents about 40% of its sales in the United States. MSS's relationship to the state of Washington is more than a few occasional personal visits. MSS regularly and systematically conducts business in Washington.

Good evidence of MSS's presence in Washington is the fact that in February, 2004, a Public Disclosure Act Information Request was made by Solmetex, Inc. to the King County Wastewater Treatment Division requesting a copy of that department's ISO

Def. Opposition to Motion to Consolidate
Page 2 of 7

test records for the MSS amalgam separators.   Please see Exhibit D to Dr. Chilibeck's

Affidavit in Opposition to Consolidation submitted herewith.

On the other hand, MSS has made no sales in Massachusetts nor does it have any

representatives, sales agents or licensee in Massachusetts.   Dr. Chilibeck, likewise,

cannot be found in Massachusetts for purposes of jurisdiction or venue under 28 U.S.C.

§§ 1391(b) or 1400(b).[1]   Under Section 1391(b)(3), MSS must be "found" in

Massachusetts before this Court has jurisdiction.

As used in other venue statutes, the term "found" has been held to require

"presence" in some *realistic* sense; i.e. the place where an individual is *personally*

served; or where a corporation or association is "doing business."   It is *not* enough that

defendant is subject to personal jurisdiction anywhere in the state under the state's long-

arm statute; i.e. personal jurisdiction does not automatically satisfy venue requirements.

*Milwaukee Concrete Studios, Ltd. V. Fjeld Mfg. Col, Inc.*, 8 F.3d 441 (7th Cir. 1993); *Van*

*Schaick v. Church of Scientology of Calif., Inc.*, (D. Mass. 1982) 535 F. Supp. 1125;

*Genera Elec. Co. v. Bucyrus-Erie Co.*, 550 F.Supp. 1037 (S.D.  N.Y. 1982); *FS Photo*

*Inc. v. Picture Vision, Inc.*, 48 F.Supp.2d 442 (D. Del. 1999).   MSS cannot be found in

Massachusetts.

**Massachusetts Does Not Have Personal Jurisdiction Under Rule 4(k)(2) (or otherwise) and Therefore Lacks Personal Jurisdiction**

Solmetex must rely solely on Rule 4(k)(2) basis for personal jurisdiction over

MSS in Massachusetts.   Application of this subset of Rule 4 is explicitly limited to

defendants who are **not** subject to jurisdiction in any state.   "A defendant who wants to

---

[1]   28 U.S.C. § 1391(b) will control venue for purposes of the declaratory action. *Emerson Electric Co. v. Black & Decker*, 606 F.2d 234, 238 (8th Cir. 1979).

preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l, Inc. v. Borden Lasdner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001); *Glencore Gain Rotterdam B.V. v. Shivnath Rai Harnarain* Co., 284 F.3d 1114, 1123 (9th Cir. 2002). MSS is subject to jurisdiction in the state of Washington.

While MSS has no contacts with Massachusetts, it clearly has sufficient contacts with the State of Washington for the exercise of personal jurisdiction over it in the Western District of Washington, where it has already subjected itself to that Court's jurisdiction. Judge Burgess, in his order transferring the case before him, unfortunately, misinterprets the authorities upon which he relied in granting the motion to transfer. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 – 271 (9th Cir. 1995) stands for the proposition that a few personal visits to a state are insufficient to vest the court with jurisdiction. The contacts of MSS are not a few personal visits, but active sales to Washington dentists and dental companies and the participation in trade shows as an exhibitor. Even its products have been submitted to King County, Washington for quality testing as shown by Solmetex's effort to gain the testing results from King County.

The Ninth Circuit's analysis in *Omeluk* unequivocally supports jurisdiction in Washington over both MSS and Solmetex on several basis. Both companies have regular business contact with that state. As to MSS, while a small company, it is clear that MSS has a continuous and systematic relationship with Washington since 2002.

Likewise, in *Glencore Gain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, supra, 284 F.3d at 1126 – 27, the Ninth Circuit discusses Rule 4(k)(2) and the Federal Long Arm Statute as grounds for jurisdiction. The Court notes:

Def. Opposition to Motion to Consolidate
Page 4 of 7

The rule operates when three conditions are met: (1) the cause of action must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of *any* state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process. Thus, the rule provides for what amounts to a federal long-arm statute in a narrow band of cases in which the United States serves as the relevant forum for a minimum contacts analysis. *See* Fed.R.Civ.P. 4 advisory committee's note 1993 Amendments; *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 36 (1st Cir.1999); *cf. Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1416 (9th Cir.1989).

The Ninth Circuit finds that under both the California Long Arm statute and Federal law, the contacts of the defendant were insufficient to grant jurisdiction anywhere. Here, neither this Court nor Judge Burgess can so find. There are sufficient contacts by MSS to permit jurisdiction in Washington over both parties, but not in Massachusetts.

By its own admission, Solmetex has made sales of the accused device in the state of Washington and therefore committed acts in that state that infringe the '636 patent that is in suit here. Thus the tests of "purposeful availment" and "arising out of" are satisfied as to Solmetex in the state of Washington. On the other hand, both tests fail when applied to either MSS or Dr. Chilibeck in the state of Massachusetts. See *Measurement Computing Corp. v. General Patent Corp. Int'l, et al*, No. 03-11047 (a copy of which was previously supplied to the Court); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) (confirming that the mere sending of cease and desist letters does not give rise to jurisdiction).

Finally, Judge Burgess fails to discuss the mandatory question of whether this case can be transferred to Massachusetts. *Hoffman v. Blaski*, 363 U.S. 335, 343 – 44 (1960). Even a stipulation of the parties is not acceptable. *White v. ABCO Engineering Corp.*, 199 F.3d 140, 143 (3rd Cir. 1999). The test is whether the transferee court would

have had jurisdiction at the time the action was brought. *Liaw Su Teng v. Skaarup Shipping Corp.* 743 F.2d 1140, 1148 (5ᵗʰ Cir. 1984) (It must be shown that the action "could have been brought" there at that time).

Solmetex could not have brought an action against either MSS or Dr. Chilibeck on March 17, 2004 in Massachusetts as neither are subject to personal jurisdiction in this District. Where there are multiple parties, the transferred district must be one in which personal jurisdiction and venue would have been satisfied as to all parties. *Id.* As to Dr. Chilibeck, there is neither jurisdiction nor venue. The burden is upon Solmetex to prove proper venue in the District of Massachusetts. See *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980; *Simon v. Ward*, 80 F.Supp.2d 464, 468 (W.D. Pa. 2000). That, it cannot do.

**Conclusion**

This action must be dismissed as it was clearly improvidently filed against a foreign defendant that cannot be found within the District of Massachusetts for purposes of personal jurisdiction. This action may not be combined with Maximum Separator Systems, Inc. v. Solmetex, Inc. for the same reasons. Judge Burgess improperly granted Solmetex's motion to transfer venue to a District where neither personal jurisdiction nor venue can be had.

Dated: April 16, 2004

Respectfully submitted

FISH & RICHARDSON P.C.

By: ⟶ John M. Skenyon ⟵ *MPL w/ permission*

John M. Skenyon
skenyon@fr.com
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

(617) 542-8906

Attorneys for Maximum Separations Solutions, Inc.

Of Counsel:

Rex B. Stratton, WSBA No. 1913
    Stratton@strattonballew.com
Jennifer L. Jolley, WSBA No. 27686
    Jolley@strattonballew.com

STRATTON BALLEW PLLC
1218 Third Avenue, Suite 1522
Seattle, WA 98101
Tel:    206-682-1496
Fax:   206-682-0446

C:\Documents and Settings\amc\Local Settings\Temporary Internet Files\OLK4\Opposition to Solmetex's motion to consolidate.doc