

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| MAXIMUM SEPARATION SYSTEMS, INC., a Canadian Corporation, and RICHARD H. CHILIBECK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SOLMETEX, INC., a Delaware corporation,<br><br>Defendant. | Cause No. C04-0324-FDB<br><br>Judge: Gorton |

## AFFIDAVIT OF RICHARD CHILIBECK IN OPPOSITION TO MOTION TO CONSOLIDATE

Richard H. Chilibeck declares:

1.  I am a practicing dentist who resides and maintains an office in Victoria, B.C., Canada. I am a Canadian citizen. All facts set forth in my declaration are personally known to me and I am competent to be a witness in this litigation.

2.  I am a Director of Maximum Separation Systems, Inc. (*MSS*), and the inventor of the amalgam separator technology that is the subject matter of this litigation. As such, I am knowledgeable about the affairs of our company and its disputes with Solmetex, Inc. (*Solmetex*).

3. Maximum Separation Systems, Inc. is a small Canadian manufacturing company that is located on Vancouver Island in British Columbia, Canada. The company is closely held and not traded on any stock exchanges. MSS does not have any other business offices.

4. The company was formed in 1999 to exploit an invention by me to remove amalgam and other materials from the waste water in dental offices.

5. MSS holds assignments to my patents in the United Kingdom, Canada and United States, namely: United Kingdom Patent No. GB2358594 issued February 27, 2002, Canadian Patent No. 2,335,586, issued December 3, 2002; U.S. Patent No. 6,592,754, issued July 15, 2003 and U.S. Patent No. 6,692,636, issued February 17, 2004 (*'636 patent*).

6. At the time the '636 patent issued, the assignment to the company had not been recorded with the United States Patent and Trademark Office and, therefore, I was the owner of record of the U.S. patent when it issued. I am a party to this litigation as the owner of the U.S. Patent when it issued.

7. MSS also holds an assignment to a continuation-in-part application that is pending in the United States Patent and Trademark Office. Our Canadian and U.S. patents were prosecuted by our Canadian patent counsel, Robert H. Barrigar, Esq., of Barrigar Intellectual Property Group, in Victoria, British Columbia, Canada.

8. MSS is a relatively newly formed company and has not made significant inroads in the United States except for the state of Washington. MSS has sold approximately 30 units of its separator systems in the state of Washington and has four dealers servicing that state. Washington is the largest area of our business in the United States. We have had a continual presence in that state since we began selling our separators.

AFFIDAVIT OF RICHARD CHILIBECK
Page 2 of 8

9. Our website is located at http://www.amalgamseparators.com/index.html. Washington was the first state outside of Canada in which MSS began a selling effort for its separator system. MSS has advertised, exhibited in and attended trade shows in the state of Washington and uses facilities in Custer, WA for freight distribution in the United States.

10. By way of example, since it began selling its amalgam separator, MSS has only made 3 sales in the East Coast area of the United States, one in 2002 and two in 2003. We have had no sales in Zone 3 in 2004. Zone 3 comprises the states of Michigan, Illinois, Ohio, West Virginia, Pennsylvania, New York, Vermont, Connecticut, Rhode Island, Massachusetts, New Hampshire, Maine, New Jersey, Delaware, Maryland, Virginia, North Carolina, South Carolina, and Georgia. A schedule of our total until sales, by year is attached hereto as Exhibit A. Our sales in Washington State are approximately 40 per cent of our total sales in the United States. Our company is actively involved in the state of Washington. The fact that we are not a large company does not negate the fact that the state of Washington is the most significant source of our business in the United States.

11. While MSS has a continuing and purposeful business presence in the state of Washington, it has not had and does not have any presence in the state of Massachusetts.

12. I have no business, personal matters, or other contacts in the state of Massachusetts.

13. While MSS has dealers and sales in the greater metropolitan area of Seattle, Washington, it has made no sales in Massachusetts. MSS does not have contractually obliged dealers or manufacture representatives in Massachusetts. The only business contact that our company has in Massachusetts are the letters that we have sent to Solmetex, Inc. advising it of

our Canadian and U.S. patents and our belief that its Hg5 and Hg5 HV amalgam separator line of products infringes my patents. Copies of these letters are attached hereto as a part of Exhibit B.

14. Solmetex is a much larger and older company than MSS. It was formed in 1994 and conducts business in both the United States and Canada. By its own advertising, Solmetex has 10 dealers in the state of Washington, as shown in Exhibit C, attached hereto, which is a copy of its website page for Washington. http://www.solmetex.com/dealerlocator.html .

15. The fact of our presence in the State of Washington is evidenced by the Public Disclosure Act Information Request made by Solmetex, Inc. in February of this year to King County Wastewater Treatment Division requesting a copy of that department's ISO test records for our amalgam separators, attached hereto as Exhibit D.

16. When the '636 patent issued on February 17, 2004, MSS filed a lawsuit in the Western District of Washington, Civil Cause No. C04-0324FDB. At the same time, Solmetex filed suit against us in Massachusetts, Civil Cause No. 04-40024. The only real difference in timing was the difference between time zones.

17. Solmetex is seeking to force MSS to litigate in Massachusetts, a state with which we have no business connections. The only purpose that can be served by Solmetex trying to sue MSS in Massachusetts is to make litigation so expensive for MSS that it will not have the ability to enforce its patents. Solmetex is seeking to force MSS to compel compliance with rules of court everywhere. For example, attached hereto as Exhibit F is a copy of a letter dated March 15, 2004 that our Canadian law firm has had to send to Solmetex's Canadian attorneys to get compliance with our own Federal Court disclosure rules.

18. All of MSS's records are in British Columbia, Canada and all of our employees and witnesses are from the West Coast of the United States or Western Canada. Both this lawsuit and the Canadian litigation will require participation in Seattle or Vancouver, British Columbia, Canada. Litigating one case in Massachusetts does not appear to us to have any efficiency for Solmetex. Even its patent lawyers are from Ohio, not Massachusetts.

19. MSS did not undertake litigation with Solmetex lightly. In preparation for litigation with Solmetex in Canada (which only occurred after Solmetex rejected our offer to license our technology to it), we have prepared a claims chart for Claim 94 of our Canadian Patent, Canadian Patent No. 2,335,586. Claim 94 is the same as claim 38 of the '636 Patent. The claim chart evidences that the Solmetex Hg5 unit (and, thusly, Hg5 HV unit as well) literally infringe our Canadian and U.S. patents. Our Claim Chart discloses:

| Claim 94 and 38 | |
|---|---|
| Apparatus for separating particles from liquid effluent containing such particles, the liquid effluent flowing from an effluent source to an effluent destination, the apparatus comprising: | Yes the Hg5 and Hg5 HV are apparatus for separating particles from liquid effluent. |
| (a) a surge tank for receiving the liquid effluent, the surge tank having a surge tank inlet for connecting to the effluent source and a surge tank effluent outlet; | The air/water separator is the surge tank and receives liquid effluent. It has an inlet for connecting to the effluent source (the dental office system conduits) and it has an effluent outlet (to the coupler). |
| (b) a sedimentary deposit tank having a sedimentary deposit tank inlet connected to the surge tank effluent outlet for receiving effluent from the surge tank, and | There is a settlement chamber that has an inlet (from the coupler). The inlet is connected to the air/water separator outlet via the coupler. The chamber has |

AFFIDAVIT OF RICHARD CHILIBECK
Page 5 of 8

| | |
|---|---|
| a sedimentary deposit tank outlet for connecting to the effluent destination, and within which sedimentary deposit tank the particles settle out from the liquid effluent, the portion of the particles that settle out being inversely related to the flow rate of the liquid effluent through the sedimentary deposit tank, in that the higher the flow rate the smaller the portion of the particles that settle out; | an outlet (via the coupler) to the outlet conduit. Particles settle out in the settlement chamber.<br><br>The settling is necessarily an inverse function of the flow rate. |
| (c) means for receiving and applying a pressure differential between the surge tank and the sedimentary deposit tank outlet so as to cause the surge tank interior to be at a higher pressure than the sedimentary deposit tank outlet; and | The means for receiving and applying the pressure differential is intended to be the dental office vacuum system into which the Hg5 is mounted in line.<br><br>The vacuum system is only an indirect and partial reason for the pressure differential. The pressure differentials are further the result of differing dimensions of the chambers, assuming a dynamic flow is induced by the vacuum system.<br><br>There is a pressure differential effective between the top of the air/water separator and the settlement chamber outlet, since both are in line with the vacuum system so that dynamic fluid flow is induced, and there is in fact a difference in dimensions between the air/water separator and the settlement chamber.<br><br>The claim and patent do not specify the magnitude of the pressure differential. However, the Hg5 will have a pressure differential that is roughly equivalent in magnitude to the system disclosed in the preferred embodiment of the '586 patent. In both cases, the surge tank sits atop the deposit tank and gravity therefore plays a role in both cases. In both cases, the system is mounted in line with the dental office vacuum system and the general configuration of |

AFFIDAVIT OF RICHARD CHILIBECK
Page 6 of 8

| | |
|---|---|
| | elements and conduits is similar. In both cases, there is some form of air by-pass that will divert the effect of suction away from the liquid effluent. The patent specifies that the magnitude of the pressure differential is to be empirically determined by each user and no objective measure is provided. |
| (d) means for inhibiting the flow of liquid effluent in its passage from the inlet of the surge tank through to the effluent destination thereby to control the flow rate of effluent through the sedimentary deposit tank; | The means for inhibiting the flow can include the sizing of the outlet from the settlement chamber In the Hg5, the air/water separator outlet to the settlement chamber is ½". This is considerably smaller (more constricted) than the inlet to the air/water separator that is visibly much larger. This will therefore inhibit the flow through the air/water separator. |
| wherein when the surge tank contains liquid effluent and the pressure differential is applied between the surge tank and the sedimentary deposit tank outlet, the pressure differential and flow inhibiting means cause the liquid effluent to flow at a slow flow rate through the sedimentary deposit tank, the slow flow rate facilitating settling of the particles within the sedimentary deposit tank. | The air/water separator contains liquid effluent. The pressure differential is applied between the separator and the outlet of the settlement chamber, as both are in line with the vacuum system and there are different dimensions (volumes) for each. Given that the Hg5 has a larger air volume in the air/water separator than in the settlement chamber, the resulting pressure differential promotes flow from the separator to the chamber as this limitation suggests. |

This affidavit is signed by me under oath and is subject to the laws of perjury of Canada and of the United States.

_____
Richard H. Chilibeck

_____

Subscribed and sworn to before me this 14 day of April, 2004:

**WILLIAM T. STEEPER**
*Barrister & Solicitor*
#203 - 3347 Oak Street
Victoria, British Columbia
Canada  V8X 1R2
Bus: (250) 475-3031  Fax: (250) 475-2997

Commission for life
Notary Public for Prov of BC

AFFIDAVIT OF RICHARD CHILIBECK
Page 7 of 8

_____
Notary Pubic for the province of British Columbia
Residing at: _____
My commission expires: _For life_

F:\M\MS 2 - Maximum Separation Systems Inc\MA Litigation\MA Pleadings\Affidavit of Richard Chilibeck RE CONSOLIDATON.doc

**WILLIAM T. STEEPER**
*Barrister & Solicitor*
#203 - 3347 Oak Street
Victoria, British Columbia
Canada  V8X 1R2
Bus: (250) 475-3031  Fax: (250) 475-2997

AFFIDAVIT OF RICHARD CHILIBECK
Page 8 of 8

## MSS Sales Figures

$ Values are in Canadian Dollars

1999 to 03 for Model MSS 1000, MSS 2000, Se... Tanks

| Year 1999 | Model 1000 # sold | Avg Price | Total Sales $ | Model 2000 # sold | Avg Price | Total Sales $ | Settle Tanks # sold | Avg Price | Total Sales $ |
|---|---|---|---|---|---|---|---|---|---|
| Canada | 0 | 0.00 | 0.00 | 2 | 1,500.00 | 3,000.00 | 0 | 0.00 | 0.00 |
| USA Zone 1 | 0 | 0.00 | 0.00 | 0 | 1,500.00 | 0.00 | 0 | 0.00 | 0.00 |
| USA Zone 2 | 0 | 0.00 | 0.00 | 0 | 1,500.00 | 0.00 | 0 | 0.00 | 0.00 |
| USA Zone 3 | 0 | 0.00 | 0.00 | 0 | 1,500.00 | 0.00 | 0 | 0.00 | 0.00 |
| Total | | | 0.00 | | | 3,000.00 | | | 0.00 |
| Sales Reports Total Sales | | | | | | 3,000.00 | | | |
| Financial Statement Sales | | | | | | 3,000.00 | | | |

| Year 2000 | Model 1000 # sold | Avg Price | Total Sales $ | Model 2000 # sold | Avg Price | Total Sales $ | Settle Tanks # sold | Avg Price | Total Sales $ |
|---|---|---|---|---|---|---|---|---|---|
| Canada | | | 0.00 | 140 | 1,822.00 | 255,080.00 | 2 | 150.00 | 300.00 |
| USA Zone 1 | 0 | 1,130.00 | 0.00 | 0 | | 0.00 | 0 | | 0.00 |
| USA Zone 2 | 0 | 1,130.00 | 0.00 | 0 | | 0.00 | 0 | | 0.00 |
| USA Zone 3 | 0 | 1,130.00 | 0.00 | 0 | | 0.00 | 0 | | 0.00 |
| Total | | | 0.00 | | | 255,080.00 | | | 300.00 |
| Sales Reports Total Sales | | | | | | 255,380.00 | | | |
| Financial Statement Sales | | | | | | 258,000.00 | (Sales $ difference on financial statements from parts sales) | | |

| Year 2001 | Model 1000 # sold | Avg Price | Total Sales $ | Model 2000 # sold | Avg Price | Total Sales $ | Settle Tanks # sold | Avg Price | Total Sales $ |
|---|---|---|---|---|---|---|---|---|---|
| Canada | 122 | 1,036.00 | 137,860.00 | 229 | 1,269.00 | 290,601.00 | 71 | 154.00 | 10,934.00 |
| USA Zone 1 | 0 | 1,260.00 | 0.00 | 0 | 1,269.00 | 0.00 | 0 | 154.00 | 0.00 |
| USA Zone 2 | 0 | 1,260.00 | 0.00 | 0 | 1,269.00 | 0.00 | 0 | 154.00 | 0.00 |
| USA Zone 3 | 0 | 1,260.00 | 0.00 | 0 | 1,269.00 | 0.00 | 0 | 154.00 | 0.00 |
| Total | | | 137,860.00 | | | 290,601.00 | | | 10,934.00 |
| Sales Reports Total Sales | | | | | | 439,395.00 | | | |
| Financial Statement Sales | | | | | | 446,000.00 | (Sales $ difference on financial statements from waste contract and parts sales) | | |

| Year 2002 | Model 1000 # sold | Avg Price | Total Sales $ | Model 2000 # sold | Avg Price | Total Sales $ | Settle Tanks # sold | Avg Price | Total Sales $ |
|---|---|---|---|---|---|---|---|---|---|
| Canada | 144 | 1,036.00 | 149,139.00 | 156 | 1,244.00 | 194,015.00 | 140 | 147.00 | 20,597.00 |
| USA Zone 1 | 29 | 889.00 | 38,478.00 | 16 | 1,355.00 | 21,610.00 | 1 | 175.00 | 175.00 |
| USA Zone 2 | 8 | 889.00 | 8,337.00 | 16 | 1,355.00 | 21,768.00 | 7 | 173.00 | 1,063.00 |
| USA Zone 3 | 1 | 889.00 | 1,055.00 | 0 | 1,355.00 | 0.00 | 0 | 0.00 | 0.00 |
| Total | | | 197,009.00 | | | 237,393.00 | | | 20,772.00 |
| Sales Reports Total Sales | | | 455,174.00 | | | | | | |
| Financial Statement Sales | | | 460,000.00 | (Sales $ difference on financial statements from parts sales and Europe sales) | | | | | |

| Year 2003 | Model 1000 # sold | Avg Price | Total Sales $ | Model 2000 # sold | Avg Price | Total Sales $ | Settle Tanks # sold | Avg Price | Total Sales $ |
|---|---|---|---|---|---|---|---|---|---|
| Canada | 121 | 968.00 | 117,127.00 | 52 | 1,403.00 | 72,956.00 | 277 | 161.00 | 44,795.00 |
| USA Zone 1 | 8 | 889.00 | 7,720.00 | 2 | 1,451.00 | 2,093.00 | 12 | 173.00 | 2,220.00 |
| USA Zone 2 | 14 | 889.00 | 10,978.00 | 8 | 1,451.00 | 12,425.00 | 7 | 173.00 | 1,063.00 |
| USA Zone 3 | 2 | 889.00 | 2,637.00 | 0 | | 0.00 | 0 | 0.00 | 0.00 |
| Total | | | 138,462.00 | | | 87,474.00 | | | 48,078.00 |
| Sales Reports Total Sales | | | 274,014.00 | | | | | | |
| Financial Statement Sales | | | 275,162.00 | | | | | | |

| Year 2004 to end of Feb. | Model 1000 # sold | Avg Price | Total Sales $ | Model 2000 # sold | Avg Price | Total Sales $ | Settle Tanks # sold | Avg Price | Total Sales $ |
|---|---|---|---|---|---|---|---|---|---|
| Canada | 11 | 940.00 | 10,340.00 | 3 | 1,451.00 | 4,353.00 | 110 | 160.00 | 17,600.00 |
| USA Zone 1 | | | 0.00 | | | 0.00 | | | 0.00 |
| USA Zone 2 | | | 0.00 | | | 0.00 | | | 0.00 |
| USA Zone 3 | | | 0.00 | | | 0.00 | | | 0.00 |
| Total | | | 10,340.00 | | | 4,353.00 | | | 17,600.00 |
| Sales Reports Total Sales | | | 32,293.00 | | | | | | |
| Financial Statement Sales | | | | | | | | | |

**EXHIBIT A**

```
MESSAGE CONFIRMATION                          JAN-07-2003 09:56PM TUE

                                      FAX NUMBER: 250 727 2180
                                      NAME      : CHILIBECK HOME

NAME/NUMBER    :   19054750141
PAGE           :   001
START TIME     :   JAN-07-2003 07:44PM TUE
ELAPSED TIME   :   01'10"
MODE           :   G3 STD    ECM
RESULTS        :      [ O.K ]
```



January 6, 2003

President
Solmetex Inc
50 Bearfoot Road
Suite 2
Northborough, Ma
01532
USA

Sent via Fax, original to follow by mail

Dear President,

RE: Canadian Patent # 2,335,586 infringement of Solmetex dental amalgam separator

Please be advised Maximum Separation Systems (MSS) holds a Canadian Patent #2,335,586 titled APPARATUS AND PROCESS FOR REMOVING METALLIC PARTICLES FROM EFFLUENT LIQUID WASTE.

This patent can be found on the Internet site:
http://patents1.ic.gc.ca/details?patent_number=2335586&language=EN_CA

Maximum Separation Systems Inc views that your company and all of your companies dealers by importing, distributing and selling the product Solmetex Hg5 has been infringing on our patent in Canada since December 3 2002.

Please cease and desist the importing, distribution and sales of this product in Canada immediately.

If you desire to continue this aspect of your business, there may be an opportunity to license our technology. Please contact MSS within seven days in order to prepare the proper licensing documents before any more of your products are sold in Canada.

Yours truly,

Dr. Richard Chilibeck

MAXIMUM SEPARATION SYSTEMS INC.
#301 - 1779 SEAN HEIGHTS, VICTORIA, BC. V8M 1X6, CANADA   TEL: (250) 652-5279  FAX: (250) 652-9599
TOLL FREE: 1-800-790-7147    WEB: www.amalgamseparators.com

**EXHIBIT B**

SIMPLY BETTER AMALGAM RECOVERY



September 12 2003

Mr. Owen Boyd
Mr. Nick Mozzicato
Solmetex
50 Bearfoot Road
Suite 2
Northborough, MA 01532
USA                                            1 page sent via Fax 508-393-1795

Dear Mr. Boyd and Mr. Mozzicato,

Re: Maximum Separation Systems Inc (MSS) and Solmetex sent via fax, original to follow by mail

I have had a chance to discuss the alleged patent infringement by your company with the directors of MSS and they have agreed to provide for a small window of opportunity to see if I can present to them an acceptable option for settlement between our respective companies before any litigation commences.

I understand that you have a copy of the September 10 2003 correspondence between our respective legal council regarding the alleged Canadian patent infringement.

For your interest, MSS has a published USA patent and has paid for the issuance fees for its second USA patent. This second USA patent will be published in the near future. I can send you the pertinent claims of this second patent if you are interested and if there is an opportunity for settlement.

As the market place is changing rapidly as well as the alliances in the manufacturing/dealer sector (for example the recent Hygienitec/Arcona-Schein Cooperation) time is of the essence.

I propose that a meeting be set up to discuss and further develop a settlement that I believe would be acceptable to the officers and shareholders of MSS and this settlement could be in the form of a combination or one of the two options presented below.

1. A new entity, a USA public trading company be acquired or formed by Solmetex, and 50% of the share stock would be allocated to Solmetex and 50% of the share stock would be allocated to MSS in return for entitlement to all of the property, product, inventory, technology, know how and intellectual property of MSS and Solmetex.

2. MSS license all of its property, product, inventory, technology, know how, intellectual property, exclusively to Solmetex worldwide and in return, Solmetex would;
    a. Pay a fee to MSS of $350,000.00 US
    b. Pay Royalties to MSS equal to 10% of all of the products sold for the length of the patents.

I will call you early next week to discuss this matter further.

Yours truly,

Richard Chilibeck

   

MAXIMUM SEPARATION SYSTEMS INC.
6588 Sooke Road, Sooke BC, V0S 1N0, CANADA   TEL: (250) 642-1787   FAX: (250) 642-1393
WEB: www.amalgamseparators.com     E-mail: rchilibeck@amalgamseparators.com

SIMPLY BETTER AMALGAM RECOVERY



October 31, 2003

Mr. Owen Boyd
CEO
Mr. Nick Mozzicato
President
Solmetex
50 Bearfoot Road
Suite 2
Northbourough MA 01532

1 page Sent Via Facsimile 508-393-1795

Dear Mr. Boyd and Mozzicato,

RE: Patent infringement by Solmetex of Canadian Patent No.: 2,335,586.

As Mr. Boyd has not followed up with me as he indicated that he would in his September 29 2003 letter and I have not had any kind of written response to my subsequent letter of September 29 2003. I am therefore notifying you that MSS has started legal action in Canada for Patent Infringement of Canadian Patent No.: 2,335,586.

All discussions and any offers made between us for the settlement of your Companies Infringement are now completely and fully revoked.

Yours truly,

Richard Chilibeck

   

MAXIMUM SEPARATION SYSTEMS INC.
6588 Sooke Road, Sooke BC, V0S 1N0, CANADA    TEL: (250) 642-1787  FAX: (250) 642-1393
WEB: www.amalgamseparators.com

| Washington | |
|---|---|
| Arnold Dental Supply, Co.<br>19231 36th Ave. W.<br>Suite P<br>Lynnwood, WA 98036<br>425-712-8786 | J B Dental Supply Co.<br>18650 68th Avenue South<br>Kent, WA 98032<br>206-575-9419 |
| Burkhart Dental Supply, Co.<br>15031 Montgomery, Suite 6<br>Spokane, WA 99206<br>509-928-7474 | Morgan Dental Sales<br>5209 97th Avenue Ct.W.<br>Tacoma, WA 98467<br>253-565-3432 |
| Burkhart Dental Supply, Co.<br>2804 W. Washington, Suite 2<br>Yakima, WA 98903<br>509-248-5441 | Patterson Dental Supply<br>8620 154th Avenue, N.E.<br>Redmond, WA 98052<br>425-566-1715 |
| Gator Dental Repair Service<br>7576 Skagit View Drive<br>Concrete, WA 98237<br>360-770-3502 | Patterson Dental Supply<br>417 East Pacific Avenue<br>Spokane, WA 99202<br>509-838-8581 |
| Island Dental Co., Inc.<br>2004B 48th Avenue Ct.<br>Fife, WA 98424<br>800-860-3930 | Sullivan Schein Dental<br>5005 Pacific Highway E., Suite 12<br>Fife, WA 98424<br>253-896-5050 |

**EXHIBIT C**



**King County**
Wastewater Treatment Division
Industrial Waste Program
Department of Natural Resources and Parks
130 Nickerson Street, Suite 200
Seattle, WA 98109-1658
206-263-3000
206-263-3001 Fax

RECEIVED

MAR 0 4 2004

STRATTON BALLEW PLLC
SEATTLE, WASHINGTON

February 23, 2004

Christine Brownlie
Maximum Separation Systems, Inc.
301-7779 Sean Heights
Victoria, BC V8M 1X6
Canada

Dear Ms. Brownlie:

It is the Industrial Waste Program's policy to notify companies when the files we maintain concerning their equipment or operations are accessed via a PUBLIC DISCLOSURE ACT INFORMATION REQUEST. On February 5, 2004, Al Dube, representing SometeX, Inc. of Northborough, Massachusetts, requested a copy of the ISO test records for Maximum Separations' MSS 1000 and MSS 2000.

If you have any questions regarding this information request please contact Patricia Magnuson at (206) 263-3021.

Very truly yours,

Douglas A. Hilderbrand
Program Officer
Industrial Waste Program

cc: Patricia Magnuson, Industrial Waste Program
Cynthia Hernandez, King County

*Dahdah*

**Exhibit D**

CLEAN WATER — A SOUND INVESTMENT



ROBERT H. BARRIGAR, Q.C.  ROBERT H. FOX, B.Sc. EE, FPTJC
TED B. URBANEK           (Patent and Trademark Agent)
MICHAEL D. COOPER
JENNIFER E. R. McGRAW    Technical Consultant
IRENE M. WALLER, Ph.D.   ANNE M. FLANAGAN, Ph.D.

**BARRISTERS & SOLICITORS, REGISTERED PATENT AND TRADEMARK AGENTS**
SUITE 290, 1675 DOUGLAS STREET, VICTORIA, BC CANADA V8W 2G5
TELEPHONE (250) 389-0387   TELEFAX (250) 389-2659
email@barrigar.com   WEBSITE: www.barrigar.com

OUR FILE NO MSS01/2609 CA   15 March 2004

Kenneth E. Sharpe, Esq.
Terrance J. McManus, Esq.
Ogilvy Renault
Suite 1600, 45 O'Connor Street
Ottawa, Ontario K1P 1A4

**By telefax, original by mail**

Dear Mr. Sharpe and Mr. McManus:

Re: Your File No.: 0101111-001; Federal Court Action No. T-1787-03
MAXIMUM SEPARATION SYSTEMS INC. v. SOLMETEX, INC.; GAREX
INDUSTRIES LTD, and E.G. PLUMBING CO. LTD.

We note that we have not yet received the Defendants' Affidavits of Documents. As you know, pursuant to Federal Court Rule 223, the Defendants should have served the Plaintiff with their Affidavits of Documents within 30 days after the close of pleadings, that is, on or before 9 March. Kindly provide the Defendants' Affidavits of Documents no later than the end of this week.

We wish to make arrangements for the examination of an officer of SolmeteX, Inc. We suggest you allow 2 days for the initial examination and request that the start date for the examination be a date in the range of 14 April to 12 May (excepting 28-30 April). Please provide us by return with the name of the SolmeteX officer to be examined; the location in Canada where he or she will be made available; and proposed dates for the examination.

You will of course ensure that the SolmeteX officer to be examined is fully familiar with the matters in issue and the documents produced. It will probably be helpful if the officer selected is an individual who has participated in this case and in the precursor events to the litigation.

**EXHIBIT F**

BARRIGAR INTELLECTUAL PROPERTY LAW has affiliated offices in Vancouver and Ontario

Dr. Richard Chilibeck can be made available for examination in Victoria on any weekday from 14 to 27 April, inclusive. Please let us know when during this period you wish to examine Dr. Chilibeck. He is available to testify both in his personal capacity and on behalf of the Plaintiff.

Yours truly,

*[SIGNED BY]*
BARRIGAR INTELLECTUAL
PROPERTY LAW

Michael D. Cooper

MDC:lld
cc Dr. R. Chilibeck
Y:\MSS01\2609 CA\Adversary\Sharpe McManus 040315.wpd

