IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| SOLMETEX, INC. | ) | Civil Action No.: 04-CV-40024-NMG |
| | ) | |
| Plaintiff, | ) | Judge: Gorton |
| | ) | |
| v. | ) | |
| | ) | |
| MAXIMUM SEPARATION | ) | |
| SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF SOLMETEX, INC.'S MOTION FOR LEAVE TO FILE
REPLY BRIEF IN SUPPORT OF PLAINTIFF SOLMETEX, INC'S
<u>MOTION AND MEMORANDUM TO CONSOLIDATE</u>**

Plaintiff SolmeteX, Inc. ("SolmeteX") respectfully moves this Court for an Order permitting it to file a reply brief in support of SolmeteX's Motion And Memorandum To Consolidate. A copy of SolmeteX's reply brief is attached hereto. The ground for this motion is that Defendant Maximum Separation Systems, Inc.'s ("Maximum Separation") Opposition To Motion To Consolidate For Lack Of Personal Jurisdiction is not an opposition to the motion to consolidate at all. Rather, it does nothing more than rehash an identical argument already rejected by the United States District Court for the Western District of Washington, which declared in its April 6, 2004 Order that Maximum Separation is subject to personal jurisdiction in this Court, the instant action should proceed, and that the action filed in Washington should be transferred to this Court. According to the United States Supreme Court's decision in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), the decision of the Washington Court ordering that the instant action proceed in Massachusetts is the "law of the case," not to be revisited by this Court. Contrary to the mandate

1

of the Supreme Court in *Christianson*, Maximum Separation has asked this Court to revisit and backhandedly reverse the decision of the Western District of Washington. Indeed, Maximum Separation's Opposition is based on alleged errors in the decision of the Western District of Washington and the submission of a new affidavit, new arguments and new authorities. Maximum Separation's Opposition is directly contrary to *Christianson* and would result in contradictory decisions between this and the Washington Court.

WHEREFORE, Plaintiff SolemeteX, Inc. respectfully requests that it be granted leave to file a reply brief and that its Motion to Consolidate be granted.

Respectfully submitted,

SOLMETEX, INC.

Dated: 22 April 2004

By: _____
Jonathan W. Fitch (168510)
jwf@sally-fitch.com
Kurt S. Kusiak (559254)
ksk@sally-fitch.com
Trial Attorneys for Plaintiff
Sally & Fitch
225 Franklin Street, 30th Floor
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5542
Facsimile:  (617) 542-1542

Of Counsel:
J. Robert Chambers  (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
Facsimile:  (513) 241-6234
Attorneys for Plaintiff
K:\SXI\12\Massachusetts\Motion To File Reply Brief to Consolidate.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on ___22 April 2004___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John M. Skenyon, counsel for Maximum Separation Systems, Inc., and I herby certify that I have mailed by United States Postal Service the document to the following non CM-ECF participants: Jennifer L. Jolley and Rex B. Stratton, counsel for Maximum Separation Systems, Inc., Stratton Ballew, Suite 1313, 1218 Third Avenue, Seattle, Washington 98101.

_____
Kurt S. Kusiak