IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| SOLMETEX, INC. | ) | Civil Action No.: 04-CV-40024-NMG |
| | ) | |
| Plaintiff, | ) | Judge: Gorton |
| | ) | |
| v. | ) | |
| | ) | |
| MAXIMUM SEPARATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF SOLMETEX, INC.'S REPLY BRIEF
IN SUPPORT OF PLAINTIFF SOLMETEX, INC.'S MOTION
AND MEMORANDUM TO CONSOLIDATE**

**I.     INTRODUCTION**

Plaintiff SolmeteX, Inc. ("SolmeteX") has moved this Court to consolidate with the instant action a lawsuit transferred from the United States District Court for the Western District of Washington ("Washington Action"). The Court in Washington declared by Order dated April 6, 2004, that the requirements of Fed. R. Civ. P. 4(k)(2) had been satisfied such that Defendant Maximum Separation Systems, Inc. ("Maximum Separation") is subject to personal jurisdiction in this Court, and for the convenience of the parties and witnesses and in the interest of justice, the Washington Action should be transferred to Massachusetts. A copy of the Order of the Washington Court transferring the Washington Action to this Court is attached as Exhibit A to SolmeteX's Motion to Consolidate.

According to the Supreme Court decision of *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), the decision of the Washington Court is the "law of the case."

1

Therefore, the arguments made by Maximum Separation in its opposition to SolmeteX's Motion to Consolidate, which have already been rejected by the Court in Washington, should likewise be rejected by this Court.

## II. ARGUMENT

### A. Maximum Separation Is Subject To Personal Jurisdiction In Massachusetts Under Rule 4(k)(2)

Maximum Separation argues, as it did before the Washington Court, that it does not have sufficient contacts with Massachusetts for this Court to exercise personal jurisdiction over it. Maximum Separation simply misunderstands the law. Under Rule 4(k)(2), SolmeteX need not show that Maximum Separation has sufficient contacts with Massachusetts. Rather, under Rule 4(k)(2), this Court may exercise personal jurisdiction over Maximum Separation if Maximum Separation does <u>not</u> have sufficient contacts with any forum for a court, including this Court, to exercise personal jurisdiction over it. *See* Special Note, 1993 Amendments to Rule 4(k)(2). Thus, one of the prerequisites to Rule 4(k)(2) is that Maximum Separation <u>not</u> have such contacts with Massachusetts.

Under Rule 4(k)(2), Maximum Separation bears the burden of producing evidence demonstrating that it is subject to personal jurisdiction in a particular state. *United States v. Swiss Am. Bank Ltd.*, 191 F.3d 30, 42 (1st Cir. 1999). Because Maximum Separation claimed it had sufficient contacts only with Washington, it makes no difference under Rule 4(k)(2) whether Maximum Separation has sufficient contacts with Massachusetts.[1] What is relevant is that Maximum Separation failed to demonstrate in the Washington Action that it had sufficient contacts with Washington for it to be subject to personal jurisdiction there. The Washington

---

[1] Because Maximum Separation has alleged that it has sufficient contacts only with Washington, Maximum Separation has waived any claim that it has sufficient contacts with any other forum. *Id.* at 42.

2

Court has already decided that Maximum Separation did not satisfy its burden of demonstrating that it has continuous and systematic business contacts with Washington that approximate physical presence there.[2] According to the United States Supreme Court's decision in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), the decision of the Washington Court ordering that the instant action proceed is the "law of the case," not to be revisited by this Court.

### B. The Washington Court Has Rejected All Of Maximum Separation's Arguments And Is The Law Of The Case

The Washington Court has already declared that the requirements of Rule 4(k)(2) have been satisfied such that Maximum Separation is subject to personal jurisdiction in this Court. In such circumstances, the Supreme Court has clearly stated in *Christianson* that the decision of the Washington Court is the law of the case and should not be questioned by this Court:

> 'As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'

---

[2] Maximum Separation attached to its opposition to SolmeteX's Motion to Consolidate another Affidavit of Richard Chilibeck. Mr. Chilibeck's second affidavit is almost identical to that filed in Washington, but with modifications. For example, in the affidavit filed in Washington, Mr. Chilibeck swears under oath that Maximum Separation "is a relatively newly formed company and has not made significant inroads in the United States." After the Washington Court rendered its decision transferring the Washington Action to this Court and declared that Maximum Separation does not have sufficient contacts with Washington, Mr. Chilibeck now swears under oath in his second affidavit filed in this Court that Maximum Separation "is a relatively newly formed company and has not made significant inroads in the United States except for the state of Washington." Mr. Chilibeck's new affidavit directly contradicts his first affidavit filed and considered in the Washington Action and should not be considered by this Court. *See Abreu-Guzman v. Ford,* 241 F.3d 69, 74 (C.A.1 2001) ("We have repeatedly held that a party opposing summary judgment may not manufacture a dispute of fact by contradicting his earlier sworn testimony without a satisfactory explanation of why the testimony is changed.") Further, Maximum Separation's reliance on *Measurement Computing Corp. v. General Patent Corp.*, No. 03-11047 (D.Mass. Feb. 10, 2004), is misplaced. That case involved a venue dispute between two domestic corporations under Massachusetts' long-arm statute, and not Rule 4(k)(2).

3

> [The plaintiff] is correct that the doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions. Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts…Indeed the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation.

*Id.* at 815-16 (internal citations omitted). The Supreme Court went on to note that "[t]here is no reason to apply law-of-the-case principles less rigorously to transfer decisions that implicate the transferee's jurisdiction. Perpetual litigation of any issue – jurisdictional or nonjurisdictional – delays, and therefore threatens to deny, justice." *Id.* at 816, fn. 5.

As noted above, the Washington Court has already decided the dispute raised by Maximum Separation: personal jurisdiction over Maximum Separation is proper in this forum under Rule 4(k)(2). As such, it is the law of the case and Maximum Separation should not be heard to argue the contrary in an attempt to elicit a contrary decision.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff SolmeteX, Inc. requests that its Motion to Consolidate be granted.

                                                            Respectfully submitted,

                                                            SOLMETEX, INC.

Dated: 22 April 2004            By: _____
                                                           Jonathan W. Fitch (168510)
                                                           jwf@sally-fitch.com
                                                           Kurt S. Kusiak (559254)
                                                           ksk@sally-fitch.com
                                                           Trial Attorneys for Plaintiff
                                                           Sally & Fitch
                                                           225 Franklin Street, 30th Floor
                                                           Boston, Massachusetts 02110-2804
                                                           Telephone: (617) 542-5542
                                                           Facsimile:  (617) 542-1542

Of Counsel:

J. Robert Chambers (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
Facsimile:  (513) 241-6234
Attorneys for Plaintiff

K:\SXI\12\Massachusetts\Reply in Support of Consolidation.doc

5

## CERTIFICATE OF SERVICE

I hereby certify that on _22 April 2004_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John M. Skenyon, counsel for Maximum Separation Systems, Inc., and I herby certify that I have mailed by United States Postal Service the document to the following non CM-ECF participants: Jennifer L. Jolley and Rex B. Stratton, counsel for Maximum Separation Systems, Inc., Stratton Ballew, Suite 1313, 1218 Third Avenue, Seattle, Washington 98101.

_____
Kurt S. Kusiak