IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| SOLMETEX, INC. | ) | Civil Action No.: 04-CV-40024-NMG |
| | ) | |
| Plaintiff, | ) | Judge: Gorton |
| | ) | |
| v. | ) | |
| | ) | |
| MAXIMUM SEPARATION | ) | |
| SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CASE STATUS

Plaintiff SolmeteX, Inc. ("SolmeteX") respectfully submits this Notice of Case Status to provide the Court with an update regarding the status of the second-filed lawsuit in the United States District Court for the Western District of Washington involving similar parties and issues. As the Court will recall, Defendant Maximum Separation Systems, Inc. ("Maximum Separation"), a Canadian company, filed a lawsuit in the Western District of Washington after the instant action was filed alleging SolmeteX infringed the patent that is the subject of the instant action. Maximum Separation Systems, Inc., et al. v. SolmeteX, Inc., Case No. 04-03234 FDB ("the Washington Action"). The Court in Washington on April 6, 2004, granted SolmeteX's Motion to Stay or Transfer Venue pursuant to 28 U.S.C. §1404(a) and ordered that the Washington Action be transferred to this Court. A copy of the Washington Court's April 6, 2004, Order is attached hereto as Exhibit A for the convenience of the Court. Then, Maximum Separation filed a Motion for Reconsideration in the Washington Action. The Court in Washington on April 30, 2004, denied Maximum Separation's Motion for Reconsideration. A

1

copy of the Washington Court's April 30, 2004, Order is attached hereto as Exhibit B for the convenience of the Court.

Thus, the Washington Court has already twice rejected the arguments made by Maximum Separation and decided that personal jurisdiction over Maximum Separation is proper in this forum under Rule 4(k)(2). As such, it is the law of the case and Maximum Separation should not be heard to argue the contrary in an attempt to elicit a contrary decision. It follows that SolmeteX's Motion To Consolidate should be granted.

Respectfully submitted,

SOLMETEX, INC.

Dated: 4 May 2004

By: _____
Jonathan W. Fitch (168510)
jwf@sally-fitch.com
Kurt S. Kusiak (559254)
ksk@sally-fitch.com
Trial Attorneys for Plaintiff
Sally & Fitch
225 Franklin Street, 30th Floor
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5542
Facsimile:  (617) 542-1542

Of Counsel:

J. Robert Chambers  (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
Facsimile:  (513) 241-6234
Attorneys for Plaintiff

K:\SXI\12\Massachusetts\050304 Notice of Case Status.doc

## CERTIFICATE OF SERVICE

I hereby certify that on ___4 May 2004___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John M. Skenyon, counsel for Maximum Separation Systems, Inc., and I herby certify that I have mailed by United States Postal Service the document to the following non CM-ECF participants: Jennifer L. Jolley and Rex B. Stratton, counsel for Maximum Separation Systems, Inc., Stratton Ballew, Suite 1313, 1218 Third Avenue, Seattle, Washington 98101.

*[signature]*