UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOLMETEX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04-cv-40024-FDS |
| MAXIMUM SEPARATION SYSTEMS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON DEFENDANT MAXIMUM SEPARATION SYSTEMS, INC.'S MOTION TO DISMISS AND PLAINTIFF SOLMETEX, INC.'S MOTION TO CONSOLIDATE**

This matter is before the Court on two pending motions. Defendant Maximum Separation Systems, Inc., has filed a motion to dismiss for lack of personal jurisdiction and improper service. Plaintiff SolmeteX, Inc. has filed a motion to consolidate this action with a related action transferred to this Court from the United States District Court for the Western District of Washington. For the reasons stated below, defendant's motion to dismiss is DENIED, and plaintiff's motion to consolidate is GRANTED.

I.   **Background**

SolmeteX is a Delaware corporation with its principal place of business in Northborough, Massachusetts. (Mozzicato Aff. ¶ 2.) Maximum Separation Systems is a Canadian corporation with a principal place of business in British Columbia. (Bryant Decl. ¶ 3.) Both companies are engaged in the

1

manufacture, sale, and distribution of dental amalgam separators for removing dental amalgam and other particles from dental-office liquid effluent. MSS owns United States Patent No. 6,692,636, the patent that forms the basis of this controversy.

MSS was formed to market the invention of Dr. Richard Chilibeck, a Canadian dentist. The invention is an amalgam separator to be used in dental offices to remove environmentally harmful heavy metals, such as mercury, from wastewater before it is discharged into a sewer or septic system. (Bryant Decl. ¶ 4.) MSS is a relatively new company that principally conducts business in Canada. It has sold approximately 30 units to dental offices in Washington state, where it has four dealers. MSS has also exhibited at trade shows and advertised in Washington state. (Bryant Decl. ¶¶ 4, 8, 12.) MSS uses facilities in Washington state for freight distribution in the United States. (Chilibeck Aff. ¶ 9.)

MSS has no presence in Massachusetts. It has made no sales in Massachusetts, nor does it have any representatives, sales agents, or licensees in Massachusetts. (Bryant Decl. ¶ 9.) The MSS website does not permit customers to order directly from the company. The only contact MSS has had with Massachusetts occurred when MSS sent letters to SolmeteX advising of MSS's Canadian and U.S. patents and its belief that SolmeteX was infringing on those patents. *Id.*

On February 17, 2004, SolmeteX filed a complaint in this Court seeking a declaratory judgment of invalidity and noninfringement of the MSS patent. On the same day, MSS and Dr. Chilibeck filed suit against SolmeteX in the United States District Court for the Western District of Washington alleging infringement of the patent.[1]

---

[1] MSS apparently does not dispute that this action, in the District of Massachusetts, was filed first.

On March 4, 2004, MSS filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and improper service of process, respectively. Specifically, MSS argues that SolmeteX's attempt to invoke Rule 4(k)(2) of the Federal Rules of Civil Procedure as the basis for the exercise of personal jurisdiction in this Court should fail because MSS is subject to the jurisdiction of the courts of Washington. MSS further contends that it does not have sufficient contacts with Massachusetts for this Court to exercise personal jurisdiction over it. Finally, MSS argues that this case should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure for improper service because SolmeteX attempted to serve the original summons and complaint on MSS's Washington attorney, who is not its agent for service of process in the United States.

In opposition, SolmeteX maintains that MSS lacks constitutionally sufficient contacts with any state forum, including Washington, and therefore this Court has jurisdiction over it under Rule 4(k)(2). SolmeteX further argues that under Rule 4(k)(2) it need not show that MSS has contacts with Massachusetts. Finally, SolmeteX states its intention to effect service on MSS through the Hague Convention, the time for which had not expired when MSS filed its motion to dismiss. On April 6, 2004, SolmeteX filed a proof of service stating that service of process on MSS had been effected in accordance with the provisions of the Hague Convention.

Proceedings have also transpired in the action filed by MSS and Dr. Chilibeck in the District Court in Washington. On March 16, 2004, SolmeteX, the defendant in that case, filed a motion to stay or transfer to this Court pursuant to 28 U.S.C. § 1404(a). On April 6, 2004, the District Court granted the motion to transfer. The court concluded that the statutory prerequisites for transfer had been met – namely, that MSS could have brought the Washington case in the District of Massachusetts (because

SolmeteX resides in Massachusetts) and that a transfer would promote the convenience of the parties and witnesses. The court in its transfer order found that MSS does not have sufficient contacts with Washington to be subject to the jurisdiction of that court and, therefore, the requirements of Rule 4(k)(2) were satisfied for this Court to exercise jurisdiction over MSS.

Following the transfer order, on April 12, 2004, SolmeteX filed a motion to consolidate the two actions because they involve the same patent, parties, and claims. MSS opposed the motion to consolidate on the grounds that consolidation is not possible because this action must be dismissed for lack of jurisdiction. In response, SolmeteX argues that the finding of the District Court in Washington that Washington could not exercise personal jurisdiction over MSS constitutes the law of the case and should not be revisited by this Court on the motion to dismiss.

## II.     Legal Analysis

### A.     Motion to Dismiss

#### 1.     *Lack of Personal Jurisdiction*

As stated above, SolmeteX contends that the requirements of Rule 4(k)(2) of the Federal Rules of Civil Procedure have been satisfied, and, as such, MSS is subject to personal jurisdiction in this Court. That rule states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Fed. R. Civ. P. 4(k)(2).[2]  Rule 4(k)(2) functions as a form of federal long-arm statute.  *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 36 (1st Cir. 1999).

A plaintiff who seeks to use Rule 4(k)(2) to establish personal jurisdiction must make a *prima facie* case for the rule's applicability.  Thus, the plaintiff must show the following:

> (1) that the claim asserted arises under federal law, (2) that personal jurisdiction is not available under any situation-specific federal statute, and (3) that the putative defendant's contacts with the nation as a whole suffice to satisfy the applicable constitutional requirements.  The plaintiff, moreover, must certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state.

*Id.* at 41.

If the plaintiff makes a *prima facie* case, the burden then shifts to the defendant to produce evidence either that some other state exists where it would be subject to suit or that its contacts with the United States are constitutionally insufficient.  *Id.*  If the defendant fails to meet its burden of production, then it may be inferred that personal jurisdiction over the defendant is not available in any state court of general jurisdiction.  But if the defendant satisfies its burden of production, that inference drops from the case.  *Id.* at 42.

If the defendant produces evidence indicating that it is subject to jurisdiction in a particular state, plaintiff may contest the defendant's proffer.  Plaintiff must prove this "negation requirement" – that is, that the defendant is *not* subject to suit in the identified state.  *Id.*

---

[2] In patent cases, issues of personal jurisdiction are controlled by the law of the United States Court of Appeals for the Federal Circuit.  *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).  The Federal Circuit apparently has not interpreted the reach of Rule 4(k)(2).

Alternatively, the plaintiff may satisfy its burden of production by maintaining that defendant cannot be constitutionally subjected to jurisdiction in *any* state. In that case, "the plaintiff, to succeed in his Rule 4(k)(2) initiative, need only prove that his claim arises under federal law and that the defendant has contacts with the United States as a whole sufficient to permit a federal court constitutionally to exercise personal jurisdiction over it." *Id.* SolmeteX satisfies the three-part *prima facie* showing under Rule 4(k)(2).

First, the claim asserted is based on the federal patent laws, and therefore plainly arises under federal law.

Second, the patent statute itself does not confer jurisdiction on any "court[ ] of general jurisdiction of any state." *Pharmachemie B.V. v. Pharmacia S.p.A.*, 934 F. Supp. 484, 486-88 (D. Mass. 1996) (concluding that 35 U.S.C. § 293, which grants personal jurisdiction over foreign patentees to the United States District Court for the District of Columbia, does not bar application of Rule 4(k)(2) because that court is not a court of general jurisdiction within the language of the rule).

Third, MSS's contacts with the United States as a whole satisfy the constitutional prerequisites for the exercise of personal jurisdiction. The Federal Circuit has adopted a three-factor test for determining specific personal jurisdiction. The Court must determine whether "(1) the defendant purposefully directed its activities at residents of the [United States], (2) the claim arises out of or relates to the defendant's activities with the [United States], and (3) assertion of personal jurisdiction is reasonable and fair." *Electronics for Imaging*, 340 F.3d at 1350.

MSS's relevant contacts were purposefully directed at the United States. Most significantly, MSS is the holder of a United States patent. "Obtaining such a patent is a meaningful contact with the

United States; it requires a patentee purposefully to avail him or herself of a significant benefit of United States law." *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.*, 297 F.3d 1343, 1353 (Fed. Cir. 2002) (citing *National Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003, 1010 (D.C. Cir. 1989)). Further, MSS threatened SolmeteX with infringement of the patent. Although "mere threats of infringement directed at the forum" on their own are not sufficient to satisfy due process, they do constitute additional relevant contacts. *See id.* at 1350-51.

Next, SolmeteX's declaratory claims of patent invalidity and noninfringement arise out of, and are directly related to, MSS's relevant contacts with the United States. The patent SolmeteX challenges is the United States patent held by MSS, and the threats of infringement directed by MSS at SolmeteX involved that same patent.

Finally, MSS has not demonstrated that the assertion of personal jurisdiction in this case would be unreasonable or unfair. MSS is a foreign holder of a United States patent. As the Federal Circuit has said:

> Section 293 of Title 35 of the United States Code underscores the significance of the benefit of the patent right. . . . Although § 293 does not directly authorize the exercise of jurisdiction over [defendant], the statute represents an important Congressional judgment that in exchange for obtaining the benefits of a United States patent, it is appropriate to require foreign patentees to submit to broader jurisdiction in United States Federal Court than that to which they would otherwise be subject.

*Deprenyl Animal Health*, 297 F.3d at 1353 (citation omitted). The burden on MSS of defending a suit in the District of Massachusetts is no greater than defending it in the District of the District of

Columbia, where, under 35 U.S.C. § 293, MSS is always subject to suit. Accordingly, the Court's exercise of jurisdiction over MSS is not unreasonable or unfair.

SolmeteX has therefore satisfied the three-part *prima facie* showing for application of Rule 4(k)(2). Because, however, MSS has presented evidence that it would be subject to the personal jurisdiction of the courts of Washington, the burden shifts back to SolmeteX to prove that MSS is not subject to suit there.[3] To determine whether personal jurisdiction exists over an out-of-state defendant, the Court must answer two questions: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Electronics for Imaging*, 340 F.3d at 1349. Because Washington's long-arm statutes extend to the limits of due process, *Stairmaster Sports/Medical Prods, Inc. v. Pacific Fitness Corp.*, 916 F. Supp. 1049, 1052 (W.D. Wash. 1994), the two questions collapse into one: whether exercise of personal jurisdiction comports with due process.

MSS apparently claims that Washington would have general jurisdiction over it in this case. *See* Defendant's Opposition to Motion to Consolidate for Lack of Jurisdiction at 2 ("MSS regularly and systematically conducts business in Washington."). "Under general jurisdiction, the exercise of jurisdiction is proper where the defendant has continuous and systematic contacts with the forum state, even if those contacts are not related to the cause of action." *Electronics for Imaging*, 340 F.3d at

---

[3] SolmeteX claims that the finding of the District Court in Washington that MSS lacks sufficient contacts with Washington to be subject to jurisdiction there is the law of the case in this related action. The Court disagrees. The law-of-the-case doctrine applies only during the course of a single, continuing lawsuit; it does not apply between separate actions. 18B Charles A. Wright et al., *Federal Practice & Procedure* § 4478 (2d. ed.). Nonetheless, principles of judicial economy, comity, and finality strongly favor adherence to a district court decision in a closely-related case such as this.

1349 (internal citation omitted). Those contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). The contacts must, in fact, approximate physical presence in the state. *See North Am. Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1578 (Fed. Cir. 1994) ("[D]efendants lack the sort of substantial and continuing contacts that amount to physical presence in the forum and thus give rise to a general jurisdiction under common law principles.").

In *Stairmaster Sports/Medical Prods., Inc. v. Pacific Fitness Corp.*, the Federal Circuit affirmed a decision of the United States District Court for the Western District of Washington dismissing a case for lack of personal jurisdiction. 78 F.3d 602, 1996 WL 39681 (Fed. Cir. 1996). The court held that the defendant-patentee lacked sufficient contacts with Washington because it did not have offices in Washington, was not registered to do business in Washington, did not own property in Washington, and did not pay taxes in Washington. Additionally, the products shipped to Washington were not the claimed invention and constituted only 3% of its total sales volume. The defendant-patentee's employees made isolated visits to Washington, but they were unrelated to the patent. *Id.* at *1.

As in *Stairmaster Sports*, MSS does not have sufficient contacts to support the exercise of general jurisdiction in Washington. MSS does not have an office in Washington, is not registered to do business there, and does not own property there. MSS does not manufacture its product in Washington, and its sales there, although they do consist of the claimed invention, are insignificant. Thus, although MSS's Washington sales constitute 40% of the company's total sales in the United

States, those sales approximate only about $52,224 Canadian and 7% of the total sales volume of MSS to the United States and Canada between 2002 and February 2004. (Chilibeck Aff. ¶ 10 & Ex. A.) *Compare LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (concluding general jurisdiction was proper when defendant had "millions of dollars of sales" and a "broad distributorship network" in the forum state).

Accordingly, because MSS is not subject to the general jurisdiction of the courts of Washington, personal jurisdiction here is proper under Rule 4(k)(2).

### 2. *Improper Service of Process*

MSS also moves to dismiss the case for improper service of process on the grounds that, at the time of its motion, SolmeteX had attempted only to serve the original summons and complaint on MSS's Washington attorney. This claim is easily resolved. Since the time MSS filed its motion, SolmeteX has submitted proof of proper service under the Hague Convention. *See* Fed. R. Civ. P. 4(h) (incorporating Rule 4(f) (allowing service on foreign corporations as authorized by the Hague Convention)). Therefore, SolmeteX has cured any impropriety in service, and MSS's motion to dismiss on that basis is moot.

### B. Motion to Consolidate

SolmeteX moves to consolidate this action with the action transferred to this Court from the Western District of Washington. Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

Fed. R. Civ. P. 42(a). Here, the two actions currently pending before the Court involve the same patent and virtually the same parties. The Court anticipates overlapping, if not identical, issues of law or fact. Therefore, consolidation is not only appropriate but also highly desirable.[4]

### III.   Conclusion

For the reasons stated above, Maximum Separation Systems, Inc.'s motion to dismiss is hereby DENIED, and SolmeteX, Inc.'s motion to consolidate is GRANTED.

**So Ordered.**

                /s/ F. Dennis Saylor
                F. Dennis Saylor IV
                United States District Judge

Dated: November 10, 2004

---

[4] The sole ground asserted by MSS for opposing consolidation is the Court's supposed lack of personal jurisdiction over MSS in the action filed by SolmeteX. As explained above, the Court has resolved that issue in favor of SolmeteX.