IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| SOLMETEX, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>MAXIMUM SEPARATION SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 04-CV-40024 (FDS)<br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTER CLAIM OF DEFENDANT MAXIMUM SEPARATION SYSTEMS, INC.<br><br>**Jury Trial Demanded** |

Defendant, Maximum Separation Systems, Inc. ("MSS"), in answer to the complaint of Solmetex, Inc., admits, denies and alleges:

1. MSS admits that Solmetex, Inc. ("Solmetex") is a Delaware corporation having its principal place of business at 50 Bearfoot Road, Northborough, Massachusetts 01532. All other allegations of paragraph 1 of the Complaint are denied as inaccurate or argumentative.

2. MSS admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. MSS admits the allegations in paragraph 3 of the Complaint.

4. MSS admits the allegations in paragraph 4 of the Complaint.

5. As to the allegations in paragraph 5 of the Complaint MSS admits that Exhibit 2 is the best evidence of the statements made; all other allegations of paragraph 5 are denied.

6. MSS denies the allegations in paragraph 6 of the Complaint.

## BACKGROUND FACTS

7. MSS admits the allegations in paragraph 7 of the Complaint but denies that Exhibit 2 is a copy of the referenced complaint.

8. As to the allegations in paragraph 8 of the Complaint MSS admits that Exhibit 2 is the best evidence of the statements made; all other allegations of paragraph 8 are denied.

9. MSS admits the allegations in paragraph 9 of the Complaint.

10. MSS denies the allegations in paragraph 10 of the Complaint.

11. MSS denies the allegations in paragraph 11 of the Complaint.

12. As to the allegations in paragraph 12, MSS admits that it has sufficient contacts in the state of Washington to give the United States District Court in that state both jurisdiction and venue of any action brought against it; all other allegations of paragraph 12 are denied.

13. MSS denies the allegations in paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES

14. The Complaint herein fails to state a claim upon which relief can be granted.

15. This Court lacks personal jurisdiction over defendant MSS.

16. This Court lacks personal jurisdiction over Richard H. Chilibeck, plaintiff, in *Maximum Separation Systems, Inc. v. Solmetex Inc.*, the consolidated action herein.

17. Jurisdiction and venue are proper only in the Western District of Washington.

18. The '636 patent is not invalid.

19. The '636 patent is infringed by devices made used and sold and offered for sale by Solmetex.

20. The infringement of Solmetex is willful.

21. Solmetex enters this Court with unclean hands.

## COUNTERCLAIM

As a counterclaim against Solmetex, Inc., Maximum Separation Systems, Inc. alleges:

### Parties

22. Maximum Separation Systems, Inc. ("MSS") is a Canadian corporation having its principal place of business in Victoria, British Columbia, Canada; and,

23. Solmetex, Inc. ("Solmetex"), a Delaware corporation, having its principal place of business in Northborough, Massachusetts.

**Jurisdiction and Venue**

24. This counterclaim for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1338(a). The amount in controversy exceeds the amount of $75,000.00, exclusive of interests and costs and the Court has diversity of citizenship jurisdiction over any non federal claim asserted herein under 38 U.S.C. § 1332(a).

25. Venue in both the Western District of Washington and in this District is proper pursuant to 28 U.S.C. § 1391(a) and (c) as Solmetex has placed into commerce and sold within this District articles of manufacture that infringe the patent rights of MSS and has Solmetex has its principal place of business in this district.

**Patent Rights and Infringement**

26. MSS is the owner by exclusive assignment from Richard H. Chilibeck of all right, title and interest in U.S. Patent No. 6,692,636 for an apparatus and process for removing metallic particles from effluent liquid waste ("the '636 patent").

27. The '636 patent was duly and legally issued on February 17, 2004, upon an application by the inventor, Richard H. Chilibeck, and assigned to plaintiff, which assignment is of record with the United States Patent and Trademark Office.

28. Solmetex has been and continues to make, use and offer to sell and sell a separation system for removal of metallic particles from effluent liquid waste that infringes at least one claim of the '636 patent. The accused device is commonly known as the "SolmeteX™ Hg5 Mercury Removal System".

29. Solmetex, has and continues to foster and encourage others, through the sale to and use the "SolmeteX Hg5 Mercury Removal System" to infringe at least one claim of the '636 patent, which acts and conduct constitutes inducement and contributory infringement.

30. MSS has been damaged and continues to be damaged by Solmetex's acts of infringement described above and, unless Solmetex's acts and activities are enjoined, MSS will

continue to suffer both monetary damages, and other damages, for which it has no adequate remedy at law.

31.  MSS is informed, and therefore believes, that Solmetex has had actual notice of the claims of the '636 patent, as issued, in particular as the same claims are in suit in the Federal Court – Trial Division of the Province of British Columbia, Action No., T-1787-03 on Canadian Patent No. 2,335,586 and further that Solmetex has been put on written notice of the claims to being issued in the '636 patent.  MSS believes, and therefore alleges, that Solmetex is and will continue to willfully infringe the '636 patent and is and will continue to willfully induce and contribute to the infringement the '636 patent by others unless enjoined by the Court.  MSS has no adequate remedy at law.

**PRAYER**

Having fully answered the Complaint herein, MSS prays:

A. for and order and judgment dismissing the Complaint herein with prejudice;

B. for judgment declaring that the '636 patent is not invalid;

C. for judgment that Solmetex, has infringed the '636 patent;

D. for judgment that the infringement of the '636 patent by Solmetex is willful;

E. for preliminary and permanent equitable relief in the form of an injunction that enjoins Solmetex, its officers, agents, servants, employees, and all other persons acting in active concert or participation with Solmetex, from infringing, inducing or contributing to infringement of the '636 patent;

F. for an award of damages adequate to compensate MSS for the infringement of the '636 patent, whether direct, or by way of inducement or contribution, together with prejudgment interest;

G. for an award of increased damages by virtue of Solmetex's willful infringement, together with prejudgment interest;

  H. for judgment that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees, costs and expenses incurred by MSS in this matter; and

  I. for such other and further relief as this Court deems just and equitable.

Dated:  March 31, 2005         Respectfully submitted,

                 MAXIMUM SEPARATIONS SOLUTIONS, INC.

                 /s/ Jolynn M. Lussier
                 John M. Skenyon (BBO #465,440)
                 skenyon@fr.com
                 Jolynn M. Lussier (BBO #564,636)
                 lussier@fr.com
                 FISH & RICHARDSON P.C.
                 225 Franklin Street
                 Boston, MA 02110-2804
                 Tel.:  (617) 542-5070
                 Fax:  (617) 542-8906

                 Attorneys for Maximum Separations Solutions, Inc.

Of Counsel:

Rex B. Stratton, WSBA No. 1913
stratton@strattonballew.com
STRATTON BALLEW PLLC
18850 – 103rd Ave SW
P.O. 636
Vashon, WA  98070
Tel:    206-682-1496
Fax:    206-682-0446

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record for SolmeteX, Inc.: Jonathan W. Fitch and Kurt S. Kusiak, and I hereby certify that I have served by Federal Express the document to the following non CM-ECF participants:  J. Robert Chambers and Brett A. Schatz, of counsel for SolmeteX, Inc., Wood, Herron & Evans, L.L.P., 2700 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 and Rex B. Stratton, of counsel for Maximum Separation Systems, Inc., Stratton Ballew PLLC, 18850 – 103rd Ave SW, Vashon, Washington 98070.

_____

21015754.doc