IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| SOLMETEX, INC. | ) | Civil Action No.: 04-CV-40024-FDS |
| | ) | |
| Plaintiff, | ) | Judge: Saylor |
| | ) | |
| v. | ) | |
| | ) | |
| MAXIMUM SEPARATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF SOLMETEX, INC.'S REPLY TO DEFENDANT
MAXIMUM SEPARATION SYSTEMS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Plaintiff SolmeteX, Inc. ("SolmeteX"), by and through its attorneys, replies to the numbered paragraphs of defendant Maximum Separation Systems, Inc.'s Answer, Affirmative Defenses and Counterclaim (hereinafter "Counterclaim") as follows:

1. SolmeteX admits on information and belief the allegations of paragraph 22 of the Counterclaim.

2. SolmeteX admits the allegations of paragraph 23 of the Counterclaim.

3. In response to paragraph 24 of the Counterclaim, SolmeteX admits that this Court has subject matter jurisdiction over the Counterclaim. With respect to the remaining allegations of paragraph 24 of the Counterclaim, SolmeteX is without knowledge sufficient to form a belief as to the truth thereof, and therefore, denies same and puts defendant to its proof.

4. SolmeteX admits that venue is proper in this Court. SolmeteX denies remaining allegations of paragraph 25 of the Counterclaim.

5. SolmeteX admits that United States Patent No. 6,692,636 ("the '636 patent") shows on its face that it issued on February 17, 2004 and that the '636 patent is entitled "Apparatus Removing Metallic Particles From Effluent Liquid Waste." With respect to the remaining allegations of paragraph 26 of the Counterclaim, SolmeteX is without knowledge sufficient to form a belief as to the truth thereof, and therefore, denies same and puts defendant to its proof.

6. SolmeteX admits that the '636 patent shows on its face that it issued on February 17, 2004, that the '636 patent is entitled "Apparatus Removing Metallic Particles From Effluent Liquid Waste," and that Richard H. Chilibeck is listed as the inventor. With respect to the remaining allegations of paragraph 27 of the Counterclaim, SolmeteX is without knowledge sufficient to form a belief as to the truth thereof, and therefore, denies same and puts defendant to its proof.

7. SolmeteX admits that it markets and sells a product commonly referred to as the "Hg5 System." SolmeteX denies the remaining allegations of paragraph 28 of the Counterclaim.

8. SolmeteX denies the allegations of paragraph 29 of the Counterclaim.

9. SolmeteX denies the allegations of paragraph 30 of the Counterclaim.

10. SolmeteX denies the allegations of paragraph 31 of the Counterclaim.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, SolmeteX states:

### FIRST AFFIRMATIVE DEFENSE

11.   The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

12.   Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, those claims of the '636 patent asserted by defendant against SolmeteX in this litigation are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. " 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

13.   SolmeteX has not infringed the '636 patent and is not liable for infringement thereof.

## PRAYER FOR RELIEF

WHEREFORE, SolmeteX prays that:

1. Defendant's Counterclaim be dismissed with prejudice and that judgment be entered for SolmeteX;

2. This case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling SolmeteX to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

3. That SolmeteX be awarded its costs and prejudgment interest on all damages;

4. For such other and further relief as the Court deems just and proper.


Respectfully submitted,

SOLMETEX, INC.

Dated: 20 April 2005          By: _____
Jonathan W. Fitch (168510)
jwf@sally-fitch.com
Kurt S. Kusiak (559254)
ksk@sally-fitch.com
Trial Attorneys for Plaintiff
Sally & Fitch
225 Franklin Street, 30th Floor
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5542
Facsimile: (617) 542-1542

Of Counsel:

J. Robert Chambers  (Ohio Reg. No. 0003942)
Bchambers@whepatent.com
Brett A. Schatz (Ohio Reg. No. 0072038)
Bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone:  (513) 241-2324
Facsimile:   (513) 241-6234
Attorneys for Plaintiff

K:\SXI\12\Massachusetts\Reply to Defendant Counterclaim.doc

**CERTIFICATE OF SERVICE**

    I hereby certify that on _20 April 2005_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John M. Skenyon, counsel for Maximum Separation Systems, Inc., and I herby certify that I have mailed by United States Postal Service the document to the following non CM-ECF participants: Jennifer L. Jolley and Rex B. Stratton, counsel for Maximum Separation Systems, Inc., Stratton Ballew PLLC, 1411 Fourth Avenue, Suite 850, Seattle, Washington 98101.

_Kurt S. Kusiak_
Kurt S. Kusiak